James W. and Dorothy E. KING, Plaintiffs,

v.

UNITED STATES of America and Internal Revenue Service, Defendants.

Civ. No. 79–0–323.

United States District Court, D. Nebraska.

Sept. 2, 1980.

James W. and Dorothy E. King, pro se, Omaha.

Richard H. Gregory, U. S. Dept. of Justice, Tax Div., Washington, D. C., for defendants.

## MEMORANDUM

DENNEY, District Judge.

This matter comes before the Court upon defendants' motion for summary judgment [Filing # 6].

This case involves a tax refund claim, with jurisdiction conferred by 28 U.S.C. § 1346(a)(1). The parties have stipulated to the following facts [Filing # 7]. During 1973, plaintiff James W. King worked for an employer in Omaha, Nebraska. The employer withheld $1,304.69 from Mr. King's wages for federal income taxes. Some three years later, on April 15, 1977, plaintiffs mailed a joint individual income tax return for 1973 to the Internal Revenue Service (I.R.S.) in Ogden, Utah. The I.R.S. received the return on April 20, 1977, and treated the return as a claim for refund. The Kings' return requested a refund of a portion of the taxes which had been withheld from Mr. King's 1973 wages. The amount claimed was $664.25. On July 5, 1977, the I.R.S. informed the plaintiffs by letter that their claim for a refund would not be granted because it was filed too late. On July 3, 1979, plaintiffs commenced this action by filing a complaint with the Court [Filing # 1]. The complaint asks for a refund of the taxes which plaintiffs had requested previously from the I.R.S. The complaint further asks for a refund of an additional $135.47 which they had not claimed previously. On July 5, 1979, plaintiffs mailed to the I.R.S. an amended individual income tax return for their 1973 tax year, claiming this additional $135.47. The amended 1973 return was received by the I.R.S. on July 10, 1979.

Based on the uncontroverted facts set forth above, the defendants moved for summary judgment. Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Since the parties have stipulated to all of the material facts, the most troublesome part of the bifurcated summary judgment test is satisfied. The only remaining issues are legal ones.

The Government contends that, under the Internal Revenue Code, the Treasury Department Regulations, and the pertinent case law, the plaintiffs simply filed their 1973 return too late, i. e., that the plaintiffs' claim was filed outside of the three year period allowed for such claims. The Government also maintains that even if the Court holds that the initial 1973 return was filed in timely fashion in 1977 (thus entitling plaintiffs to a refund of $664.25), the additional $135.47 claimed by plaintiffs should not be awarded by the Court. This, it is argued, is due to the fact that plaintiffs failed to file a claim for refund for that amount prior to seeking a judicial determination. The Government asserts that a

proper claim for refund of the $135.47 is a jurisdictional prerequisite to a federal court suit.

Section 6402(a) of the Internal Revenue Code (26 U.S.C. § 6402(a)) authorizes the Secretary of the Treasury to make refunds or credits when a person overpays his taxes. In order for a refund to be granted, the taxpayer generally must file a claim for refund.

Section 6511 of the Internal Revenue Code (26 U.S.C. § 6511) brings into play two limitations on the refund procedure. The first limitation is that a claim for refund must be filed within three years of the date that the original return is filed. 26 U.S.C. § 6511(a). The second limitation is that a claim for refund cannot be honored if the tax was paid three or more years before the claim for refund was filed. 26 U.S.C. § 6511(b)(2)(A); *Mullin v. United States*, 40 A.F.T.R.2d 277 ¶ 5262, p. 5932 (E.D.Mo. 1977); Rev.Rul. 76–511, 1976–2 C.B. 428.

The first limitation imposed by Section 6511 is not a problem in this case. The Kings mailed their joint return for the 1973 tax year on April 15, 1977, and the return was received by the I.R.S. on April 20, 1977. In a situation such as this one, where the taxpayer files his return after the fifteenth day of April immediately following the tax year in question, the original return is also treated as a claim for refund. 26 C.F.R. § 301.6402–3(a)(5) (1979). The effect of this rule is that the Kings' 1973 return and claim for refund were filed simultaneously. Therefore, the claim for refund was clearly filed within three years of the return, and the first limitation imposed by § 6511 is satisfied.

The second limitation of § 6511 (that a claim for refund cannot be honored if the tax was paid three or more years before the claim was filed) is pertinent. In order to properly apply 26 U.S.C. § 6511(b)(2)(A), the Court must determine (1) when were the Kings' 1973 taxes *deemed paid,* and (2) when was the claim for refund *deemed filed?*

In the case of income taxes that are withheld from wages, the tax is deemed paid on April 15 of the following year. 26 U.S.C. § 6513(b)(1). Thus, the taxes withheld by Mr. King's employer during 1973 were deemed paid on April 15, 1974.

It should now be clear that if the Kings are to recover, their claim for refund must have been deemed filed by April 15, 1977, three years after the 1973 taxes were deemed paid. The Kings apparently relied on the often called "mailbox rule" regarding filings with the I.R.S. Under this rule, many people wait until April 15 to file their returns and pay their liability for the preceding tax year. It is "common knowledge" that if such filings are postmarked April 15 or earlier, the timely mailing is treated as timely filing.

■ The critical issue in this case is whether the "mailbox rule" of 26 U.S.C. § 7502 is applicable. The Court notes that the "timely mailing treated as timely filing" rule in tax administration does not possess the same attributes as the "mailbox rule" of contract law. That is, in regard to taxes, the general rule is that a filing occurs on actual physical delivery of a document to the I.R.S. *See Phinney v. Bank of Southwest National Association,* 335 F.2d 266, 268 (5th Cir. 1964) (*citing United States v. Lombardo,* 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 (1916)). The physical delivery rule has been modified by Section 7502 of the Internal Revenue Code (26 U.S.C. § 7502). Section 7502 imposes several limitations on treating timely mailing as timely filing. Under 26 U.S.C. § 7502(a)(2)(A)(i), mailing of a document constitutes delivery only if the postmark date on the envelope is on or before the last prescribed date for filing the document it contains, including any extensions.

■ The Kings mailed their 1973 return/claim for refund to the I.R.S. on April 15, 1977. The document was received by the I.R.S. on April 20, 1977. The last prescribed date for filing the 1973 return was April 15, 1974. The Kings never obtained an extension to allow them to file their 1973 return after April 15, 1974. So, the Kings' 1973 return was mailed to the I.R.S. a full

three years after the prescribed filing date. Since the return was filed after the prescribed April 15, 1974, filing date, 26 U.S.C. § 7502(a)(2)(A)(i) means that the Kings are unable to rely on the statutory rule of timely mailing treated as timely filing. The limitations on the statutory rule not being satisfied, the general rule applies, i. e., filing occurs on actual physical delivery of the document to the I.R.S. *See Phinney v. Bank of Southwest National Association, supra*, 335 F.2d at 268.

The Kings' 1973 return was received by the I.R.S. on April 20, 1977. The document as a claim for refund also is deemed filed on April 20, 1977, because the timely mailing rule of 26 U.S.C. § 7502 is inapplicable. 26 C.F.R. § 301.6402–3(a)(5) (1979). As was discussed before, the Kings' 1973 taxes were deemed paid on April 15, 1974. The claim for refund thus seeks taxes that were paid three years and five days prior to the filing of the claim. Therefore, the claim for refund by the Kings is barred by statute. 26 U.S.C. § 6511(b)(2)(A); *Mullin v. United States, supra*, Rev.Rul. 76–511, 1976–2 C.B. 428.

■ The foregoing principles also serve to bar the additional $135.47 sought by the Kings on the amended 1973 return filed with the I.R.S. on July 10, 1979. Even if the $135.47 refund were not barred for the reasons discussed above, the Court in any event would lack jurisdiction over that part of the refund sought. 28 U.S.C. § 1356(a)(1) requires the taxpayer to file a claim for refund with the I.R.S. prior to instituting a federal court action. This is a jurisdictional condition precedent. 26 U.S.C. § 7422(a); *Bruno v. United States*, 547 F.2d 71, 74 (8th Cir. 1977). The Kings' amended 1973 return was deemed filed on July 10, 1979. They instituted this action with the Court seven days earlier on July 3, 1979. Therefore, jurisdiction clearly is lacking over that part of the Kings' claim.

In their responsive brief relating to the Government's motion for summary judgment, the Kings stated that they had known for some time prior to 1977 that they were entitled to a refund. The Kings

further stated that they waited until 1977 to file their 1973 return as part of an informal forced savings plan, i. e., they were anticipating earning 6% interest on the principal amount of the refund that was due. While the Court is not in the business of giving tax advice, it does seem appropriate under the circumstances to comment that the Kings (and other taxpayers) assume a considerable risk in utilizing this sort of savings program. If such a plan is utilized, the taxpayer should make sure that his/her return/claim for refund is mailed to *and* received by the I.R.S. before the three year claim period expires. If this precaution is taken, the dangerous pitfalls of 26 U.S.C. § 7502 can be avoided.

For the reasons stated above, the Court feels that the defendants' motion for summary judgment should be granted.