WILLIAM B. ORROCK and CHERRYLE S. ORROCK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Orrock v. Commissioner
Docket No. 4568-80.
United States Tax Court
T.C. Memo 1982-293; 1982 Tax Ct. Memo LEXIS 451; 43 T.C.M. (CCH) 1492; T.C.M. (RIA) 82293; May 26, 1982. William B. Orrock and Cherryle S. Orrock, pro se. Claire Priestley-Cady, for the respondent. *453 SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined the following deficiencies in and additions to petitioners' income tax for the years and in the amounts as follows: Calendar
Addition to Tax, I.R.C. 1954
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a) [1]
1972
$ 127.58
$ 31.90
$ 227.31
1973
362.60
90.65
147.34
1974
1,663.03
415.76
295.70
1975
675.33
168.83
476.96
Some of the issues raised by the pleadings have been disposed of by agreement of the parties leaving for our decision the following: (1) whether assessment of deficiencies and additions to tax for the taxable years 1972 and 1973 is barred by the statute of limitations; (2) whether petitioners are liable for the addition to tax under section 6651(a) and section 6653(a) for each of the years here in issue; and (3) whether petitioners are liable for the addition to tax under section 6654 for failure to pay estimated income tax during each of the taxable years here in issue. [2]
*454 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. William B. and Cherryle S. Orrock (petitioners) resided in Morgan Hill, California, at the time of the filing of their petition in this case. For the taxable year 1972, petitioners submitted a Form 1040 to the Internal revenue Service, dated September 27, 1974, signed by both of them, which did not contain any information concerning petitioners' income, deductions, or tax liability. For the taxable year 1973, Dr. Orrock submitted a Form 1040 to the Internal Revenue Service, signed only by him, dated March 31, 1975, which did not contain any information concerning his income, deductions, or tax liability. For the taxable year 1974, Dr. Orrock submitted a Form 1040 to the Internal Revenue Service, signed only by him, dated April 14, 1975, which did not contain any information concerning his income, deductions, or tax liability. For the taxable year 1975, Dr. Orrock submitted a Form 1040 to the Internal Revenue Service, signed by him, dated April 5, 1976, which did not contain any information concerning his income, deductions, or tax liability. In the spaces on each of the Forms 1040 provided for *455 showing income, there appeared the words "OBJECT Self-incrimination." The words "Under penalties of perjury" above petitioners' signatures on each of these Forms 1040, except the one for the year 1975, were scratched out. The documents for the years 1973, 1974, and 1975 stated that the filing status was "Married filing separately." During January 1977, the district director of internal revenue in San Francisco received two separate joint Federal income tax returns signed by both petitioners and dated December 31, 1976, for the taxable years 1972 and 1973. These two returns did contain information concerning petitioners' income, deductions, and tax liability for those years. The returns were not mailed directly to the Internal Revenue Service but, rather, were first hand-delivered by Dr. Orrock on the morning of January 4, 1977, to the staff of Congressman Norman Y. Mineta at his local office in San Jose, California. In a letter dated January 4, 1977, [3] to the district director of the Internal Revenue Service, San Francisco, California, Mr. Sandoval, a staff assistant to Congressman Mineta, wrote that he had been authorized by petitioners to send in these revised income tax returns. *456 These two returns did not contain any stamped date that they were received by the district director and the mailing envelope was not available. [4] The returns could not have been delivered to San Francisco earlier than the following day, January 5, 1977. During March 1977, the Internal Revenue Service received two separate joint Federal income tax returns signed by petitioners and dated March 14, 1977, for the taxable years 1974 and 1975. These returns contained information concerning petitioners' income, deductions, and tax liability for those two taxable years. These two returns were forwarded to the district director of internal revenue in San Francisco, California, through the offices of Congressman Mineta, located in San Jose, California. The returns were also *457 accompanied by a letter from Mr. Sandoval, dated March 14, 1977, and they were marked "received" by the district director in San Francisco on March 16, 1977. A statutory notice of deficiency for the taxable years ended December 31, 1972 through 1975, was mailed by respondent to petitioners by certified mail on Monday, January 7, 1980. Dr. Orrock was a self-employed dentist and businessman. Mrs. Orrock maintained his books and records. The income reported by petitioners on their returns filed in 1977, except for minor amounts, was from Dr. Orrock's practice of dentistry. The net profit reported by petitioners from Dr. Orrock's dentistry practice was $ 31,602, $ 28,855, $ 35,802, and $ 49,832 for the years 1972, 1973, 1974, and 1975, respectively. Petitioners did not make any payments of estimated tax during the taxable years 1972 through 1975. Petitioners timely filed income tax returns for the taxable years 1969 through 1971, and paid all taxes due and owing for those years. OPINION The first issue presented is whether assessment of deficiencies and additions to tax for the taxable years 1972 and 1973 is barred by the statute of limitations. The general rule under *458 section 6501(a) [5] is that assessment must be made within three years after the filing of a return. It is not clear whether petitioners contend that the original Forms 1040 they submitted constituted "returns" which started the running of the statute of limitations. However, these documents did not constitute "returns" as they did not contain sufficient information to enable respondent to determine petitioners' correct income and tax liability for those years. United States v. Klee,494 F.2d 394, 397 (9th Cir. 1974). See United States v. Porth,426 F.2d 519, 523 (10th Cir. 1970); Jarvis v. Commissioner, 78 T.C.     (Apr. 22, 1982); Reiff v. Commissioner,77 T.C. 1169, 1177 (1981), and cases there cited. Respondent argues that since the original Forms 1040 submitted by petitioner were not returns, the applicable period of limitations is not affected by the submission of those Forms 1040 and the three-year period for assessment under section 6501(a) began to run from the date petitioners' returns denominated as "amended" tax returns were filed. We agree that the Forms 1040 denominated as "amended" returns were in fact the *459 only returns filed by petitioners and therefore the date of the filing of these returns is the date from which the three-year period of limitations provided for in section 6501(a) runs. Dr. Orrock hand-delivered the "amended" returns for the taxable years 1972 and 1973 to a Congressman's office in San Jose on the morning of January 4, 1977. A staff member then mailed petitioners' returns along with a letter dated January 4, 1977, to the district director of the Internal Revenue Service in San Francisco. We have found as a fact that the returns could not *460 have been received in San Francisco before January 5, 1977. It is clear that the returns were not "filed" when they were delivered to the Congressman's office as section 6091(b) provides that income tax returns of persons other than corporation shall be filed in the internal revenue district in which is located the principal place of business or legal residence of the person making the return or at the service center serving that district. The word "filed" as used in Federal statutes is generally defined to mean "delivered." United States v. Lombardo,241 U.S. 73, 76 (1916); Hotel Equities Corp. v. Commissioner,65 T.C. 528, 531 (1975), affd. 546 F.2d 725 (7th Cir. 1976). However, petitioners argue that the date that the "amended" returns were mailed should control. In support of their position, petitioners cite section 7502(a)(1)[6] which provides that when a return is actually delivered by the United States mail to the appropriate office, the date of the United States postmark "shall be deemed to be the date of delivery." The special *461 rule of section 7502(a)(1) is limited, however, by section 7502(a)(2)[7] which provides that the timely mailing rule will only apply if the postmark date falls within the prescribed period for filing the return. Accordingly, the special rule of section 7502(a) is not applicable where a return is mailed after the date it is due. Sanderling, Inc. v. Commissioner,67 T.C. 176, 179 (1976), affd. on this issue 571 F.2d 174 (3d Cir. 1978); King v. United States,495 F.Supp. 334, 336-337 (D. Neb. 1980). Since petitioners' "amended" 1972 and 1973 returns were not mailed within the period prescribed by section 6072(a) for the filing of a return, the "timely mailing - timely filing" rule of section 7502 is not applicable. *462 We have found as a fact that the returns could not have been delivered to the district director in San Francisco prior to January 5, 1977. Although the statutory notice of deficiency was postmarked January 7, 1980, respondent argues that since January 5, 1980, fell on a Saturday, he had until Monday, January 7, 1980, to mail the notice. Respondent relies on section 7503[8] which provides that where the last day prescribed for the performance of any act falls on a Saturday, Sunday, or legal holiday, the act will be regarded as timely if it is performed on the next day which is not a Saturday, Sunday, or a legal holiday. Since the period of limitations provided in section 6501(a) is stated in terms of years and not days, we must first determine whether section 7503 is applicable. Also, petitioners question the applicability of section 7503 to acts performed by respondent. Section 301.7503-1(a), Income Tax Regs., provides, in part, as follows: *463 Section 7503 is applicable only in case an act is required under authority of any internal revenue law to be performed on or before a prescribed date or within a prescribed period. For example, if the 2-year period allowed by section 6532(a)(1) to bring a suit for refund of any internal revenue tax expires on Thursday, November 22, 1956 (Thanksgiving Day), the suit will be timely if filed on Friday, November 23, 1956 * * *. Section 7503 applies to acts to be performed by the taxpayer * * * and acts to be performed by the Commissioner, a district director, or the director of a regional service center * * *. In our view this regulation is a proper interpretation of the statute and has the force and effect of law. See Commissioner v. South Texas Lumber Co.,333 U.S. 496 (1948). Section 301.7503-1(a), Income Tax Regs., makes it clear that section 7503 applies to the acts of either a taxpayer or respondent and applies regardless of whether the period for timely performance is stated in terms of days or years. Accordingly, respondent's notice *464 of deficiency was timely mailed and the assessment and collection of a deficiency for the taxable years 1972 and 1973 is not barred by the statute of limitations. The next two issues are whether petitioners are liable for the additions to tax as determined by respondent. Section 6651(a)(1) provides for an addition to tax if the taxpayer fails to file his tax return on or before the prescribed date, unless such failure is due to reasonable cause and not due to willful neglect. Section 6653(a) provides for an addition to tax if any part of an underpayment is due to negligence or intentional disregard of rules and regulations. The burden of proof is on petitioners to show that they had reasonable cause for failing to file their returns when due and that their underpayments of tax were not due to negligence or intentional disregard of rules and regulations. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972); Bebb v. Commissioner,36 T.C. 170 (1961); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioners allege that they did not file any proper *465 returns for the years here in issue because they wanted to conduct a "good faith" challenge to the internal revenue system. This is an insufficient justification for failing to timely file their returns and pay tax, and we therefore sustain respondent's determination on this issue. Cupp v. Commissioner,65 T.C. 68, 81 (1975), affd. without opinion 559 F.2d 1207 (3d Cir. 1977). The final issue presented is whether petitioners are liable for the addition to tax imposed by section 6654(a) for the failure to pay estimated income tax. [9] Petitioners testified that they did not make any estimated income tax payments during the taxable years 1972 through 1975 and do not make any argument that this addition was otherwise not proper. The evidence shows that petitioners had sufficient income in each of the years here in issue from sources other than wages to be required to pay estimated tax. Since they paid no estimated tax, they are liable for the addition to tax imposed by section 6654. Due to issues disposed of by agreement of the parties, *466 An order denying petitioners' motion for summary judgment will be entered and decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect in the years in issue.↩
2. On January 22, 1981, petitioners filed a motion for summary judgment with respect to all the years here in issue raising issues (1) and (2) and an issue with respect to the administrative handling of the investigation of petitioners' tax liability. This motion was heard in San Francisco, California, on February 23, 1981. At the hearing the Court stated that since a question of fact was present in the case, the motion for summary judgment would be denied and the case proceeded to trial. Petitioners requested that the order denying the motion not be entered until after the Court filed its opinion in the case and had considered their arguments with respect to the various issues. This opinion disposes of all the relevant issues raised by petitioners and an order denying the motion for summary judgment will be entered.↩
3. Although this letter was actually dated January 4, 1976, the parties stipulated that this was a typographical error and that the actual date was January 4, 1977. ↩
4. There was in handwriting on each of these returns "Received 1/7/77 San Francisco, California R.E.S." "R.E.S." are the initials of respondent's special agent who was investigating petitioners' tax liabilities for the years 1972 through 1975.↩
5. Sec. 6501(a) provides as follows: SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION. (a) General Rule.--Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.↩
6. Sec. 7502(a)(1) provides as follows: SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING AND PAYING. (a) General Rule.-- (1) Date of delivery.--If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be. ↩
7. Sec. 7502(a)(2) provides as follows: (a) General Rule.-- (2) Mailing requirements.--This subsection shall apply only if-- (A) the postmark date falls within the prescribed period or on or before the prescribed date-- (i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document, or (ii) for making the payment (including any extension granted for making such payment), and (B) the return, claim, statement, or other document, or payment was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed, or to which such payment is required to be made.↩
8. Sec. 7503 provides, in part, as follows: SEC. 7503. TIME FOR PERFORMANCE OF ACTS WHERE LAST DAY FALLS ON SATURDAY, SUNDAY, OR LEGAL HOLIDAY. When the last day prescribed under authority of the internal revenue laws for performing any act falls on Saturday, Sunday, or a legal holiday, the performance of such act shall be considered timely it if is performed on the next succeeding day which is not a Saturday, Sunday, or a legal holiday. * * *↩
9. The parties entered a stipulation at trial which also listed the issues in the case. Petitioners did not object to the stipulation at trial. On brief, petitioners assert that they signed the stipulation only a short time before trial and that certain provisions of the stipulation should be stricken. With respect to the first item that petitioners question, Dr. Orrock's testimony at the trial confirmed the correctness of the stipulated fact. Petitioners also request that paragraph 12(c) of the stipulation, which refers to the addition to tax under section 6654, be stricken.Although this issue had not been formally raised prior to trial by respondent, the stipulation put petitioners on notice that it was an issue before the Court. Thus, even if we were to agree with petitioners on this matter, which we do not, this issue would be deemed to be properly raised as Rule 41(b)(1), Tax Court Rules of Practice and Procedure, provides that "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Cf. Gerli & Co. v. Commissioner,73 T.C. 1019, 1032-1033 (1980), revd. on another issue 668 F.2d 691 (2d Cir. 1982). The burden of proof on this issue is clearly on respondent since the addition to tax under sec. 6654↩ was not determined in the notice of deficiency. Also, if this addition to tax constitutes an increased deficiency, claim for which must be made under sec. 6214, the additional deficiency should be determined in the computation under Rule 155.