**Donald MILLS and Eppie Mills**

v.

**UNITED STATES of America.**

No. 1:92–CV–0320.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 5, 1992.

Plaintiffs filed a timely claim. This case is

Randy Earl Drewett, Law Offices of McPherson & Drewett, Port Arthur, Tex., for plaintiffs.

Robert J. Wortham, U.S. Atty. E.D. Texas, Tyler, Tex., Joseph A. Pitzinger, II, Dept. of Justice, Tax Div., Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF THE UNITED STATES

SCHELL, District Judge.

CAME ON TO BE CONSIDERED Defendant United States' Motion to Dismiss or for Summary Judgment and the court, after reviewing the Motion and the pleadings of record, and finding no response in opposition, is of the opinion that summary judgment should be GRANTED in favor of the United States.

This is a tax refund suit. The Plaintiffs, Eppie Mills and Donald Mills, allege that they timely paid estimated tax payments for the tax year 1986 in the amount of $29,880.00. They further allege that their actual tax liability for the tax year 1986 was only $20,743.00, justifying a tax refund in the amount of $9,137.00. The Plaintiffs also allege that a claim for refund was filed and formally rejected by the Internal Revenue Service on August 2, 1990.

Without filing an answer, the United States filed a Motion to Dismiss or for Summary Judgment on the basis that the Plaintiffs' claim is barred by limitations. The United States argues that the Plaintiffs cannot satisfy the limitations periods in 26 U.S.C. § 6511, because they have either failed to file a timely claim for a refund within 3 years of the due date for filing the return, or have failed to file a claim for refund within 3 years of the time that the Mills actually paid the taxes for which they seek a refund. The Plaintiffs have not filed a response to the United States' motion.

The United States styles its motion as either a motion to dismiss under Fed.R.Civ.P. 12(b)(6), or a motion for summary judgment. Rule 12(b) provides:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56....

As the court will rely on an exhibit attached to the United States' motion, the court will treat the motion of the United States as a motion for summary judgment under Fed.R.Civ.P. 56.

Summary judgment is required when there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The moving party may discharge its burden by showing to the court that there is an absence of evidence on an essential element of the nonmovant's case, and on which the nonmovant will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In this situation, "... there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*, 477 U.S. at 323, 106 S.Ct. at 2552–53. When summary judgment is sought on this basis, it is the nonmoving party's burden to submit sufficient probative "evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511. Failure of the nonmovant to respond does not entitle the movant to "default summary judgment," *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988), but the court may accept the movant's evidence as undisputed. *Id.*

The Plaintiff's tax return for the tax year 1986, attached as "Exhibit B" to the United States' Motion to Dismiss or for Summary Judgment, shows that there is no genuine issue of fact as to whether the Plaintiffs filed a timely claim. This case is

governed by the limitations provisions for tax refunds found in 26 U.S.C. 6511. Section 6511(a) of 26 U.S.C. provides:

**(a) Period of limitation on filing claim**

Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

Section 6511(b)(2)(A) provides:

**(A) Limit where claim filed within 3–year period.** If the claim was filed by the taxpayer during the 3–year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return.

For a taxpayer who has filed a tax return, these two provisions establish two limitations hurdles. First, the taxpayer must demonstrate that he or she filed a claim for refund within 3 years of the time the tax return was filed. Second, the taxpayer must show that any amounts sought as refund were actually *paid* in the 3 year period immediately preceding the filing of the claim. *Domtar Newsprint Sales Ltd. v. United States*, 435 F.2d 563, 564–67, 193 Ct.Cl. 505 (Ct.Cl.1970); *King v. United States*, 495 F.Supp. 334, 336 (D.Neb.1980). The burden of proving that tax refund limitations periods have not run rests with the taxpayer and therefore the United States need not plead limitations in order to invoke it. *Jelke Co. v. Smietanka*, 86 F.2d 470 (7th Cir.1936), *cert. denied,* 300 U.S. 669, 57 S.Ct. 511, 81 L.Ed. 876 (1937).

■ The Mills jump the first hurdle but trip over the second. The undisputed evidence shows that the Mills mailed a tax return for the tax year 1986 on April 30, 1990, and it was received by the I.R.S. on May 3, 1990. As the tax return for 1986 was due on April 15, 1987, *see* 26 U.S.C. 6072(a), the Mills filed late, and are therefore not entitled to take advantage of the "mailbox rule" exception contained in 26 U.S.C. § 7502(a)(2)(A)(i) (1992) that filing occurs when the return is mailed. Therefore, the Mills 1986 tax return was filed on May 3, 1990, because the general rule is that a document is filed when received. *United States v. Lombardo*, 241 U.S. 73, 76, 36 S.Ct. 508, 509, 60 L.Ed. 897 (1916); *Phinney v. Bank of the Southwest Nat'l Ass'n, Houston*, 335 F.2d 266, 268 (5th Cir.1964).

■ In their 1986 tax return, the Mills made a claim for a refund of $9,137.00 on the basis that their estimated tax payments for 1986 were $29,880.00 and their actual tax liability was only $20,743.00. A tax return claiming a refund is treated as a claim for refund for purposes of Section 6511, regardless of when it is filed. 26 C.F.R. § 301.6402–3(a)(5) (1992); Rev.Rul 76–511, 1976–2 C.B. 428; *Domtar*, 435 F.2d at 565, 567; *King*, 495 F.Supp. at 336. Conceivably, this plain reading of § 6511(a) could permit a taxpayer to file a tax return 40 years late and still have 3 additional years in which to file a claim for refund. However, this does not render the statute of limitations meaningless because § 6511(b) limits refunds to only those amounts actually paid in the 3 years preceding the filing of the claim for refund. *Domtar*, 435 F.2d at 567. Since, in this case, the 3–year limitations period prescribed in Section 6511(a) did not begin to run until May 3, 1990, and the claim for refund was filed simultaneously with the return, the Mills timely filed a claim for refund within 3 years of the filing of the return.

■ The Mills, however, fail to satisfy the second limitations test in § 6511(b). Their tax return for 1986 was filed on May 3, 1990. In order to satisfy § 6511(b), the Mills have to be seeking a refund for amounts paid no more than 3 years preceding May 3, 1990. The Mills made estimated tax payments for 1986. Estimated tax payments are deemed paid for tax refund purposes on the date the tax return is due, without extensions. 26 U.S.C. § 6513(b)(2);

26 C.F.R. § 301.6513–1(b)(2) (1992); *Weigand v. United States*, 760 F.2d 1072 (10th Cir.1985); *Chemical Bank New York Trust Co. v. United States*, 275 F.Supp. 26, 28–29 (S.D.N.Y.1967), *aff'd and opinion adopted*, 386 F.2d 995 (2d Cir.1967). The 1986 tax return was due on April 15, 1987. 26 U.S.C. 6072(a). The Mills therefore paid their 1986 taxes on April 15, 1987, more than 3 years before they filed their claim for refund on May 3, 1990. The Mills' claim for refund is time-barred by 6511(b) and the United States is entitled to summary judgment, as there are no genuine issues of any material facts, since the court's resolution of the limitations issue renders all other facts immaterial.

IT IS, therefore, ORDERED that the United States' Motion for Summary Judgment is GRANTED.

SIGNED.