**Stanley M. KATZ and Charleene B. Katz, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 3:94CV01496 (PCD).**

United States District Court,
D. Connecticut.

April 24, 1995.

Stanley M. Katz, Westport, CT, pro se.

Deborah S. Meland, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DORSEY, Chief Judge.

Defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons below, defendant's motion is granted.

### I. *FACTS*

Plaintiffs Stanley M. Katz and Charleene B. Katz seek recovery of $7,389.93 paid as self-employment taxes for the year 1987. Plaintiffs made two payments of estimated 1987 federal income taxes—on September 14, 1987, and April 6, 1988.[1]

Plaintiffs were granted extensions for filing their 1987 tax return up to and including October 18, 1988. They did not file their return until June 17, 1992.

On or about August 25, 1994, the Social Security Administration informed plaintiffs that they would not receive benefits against income reported for 1987. Plaintiffs seek recovery of taxes they say were paid to qualify for these benefits.

### II. *DISCUSSION*

Summary judgment is appropriate only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In determining whether there is a genuine issue of material fact, the court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *Id.; Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986).

### A. *The Limitation of 26 U.S.C. § 6511(b)(2)(A)*

■ Defendant is entitled to summary judgment pursuant to section 6511(b)(2)(A) of the Internal Revenue Code. *See* 26 U.S.C. § 6511(b)(2)(A) (1994). Plaintiffs cannot re-

---

**1.** Plaintiffs dispute the amounts, but not the dates, of their estimated tax payments. *See infra* note 2 and accompanying text.

ceive a refund of any portion of their 1987 taxes because none of those taxes were paid on or after December 14, 1988. The discussion below explains (1) how the December 14, 1988, baseline has been calculated, and (2) when plaintiffs are deemed to have paid their 1987 taxes.

### 1. *The December 14, 1988, Baseline*

Section 6511(b)(2)(A) limits tax refunds, stating that a

refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus ... any extension of time for filing the return.

*Id.* Thus, plaintiffs are limited to a refund of any 1987 taxes paid on or after December 14, 1988, according to the following:

$$
\begin{array}{r}
\text{June 17, 1992} \\
- \quad \text{(3 years} \\
\underline{+ \ \text{6 months, 3 days)}} \\
\text{December 14, 1988.}
\end{array}
$$

The first and third terms in this equation are explained below.

### a. *June 17, 1992*

Section 6511(b)(2)(A) calculates the period of tax payments eligible for refund in reference to the date of "the filing of the claim." *See id.* The word "claim" is short for "[c]laim ... for refund." *See id.* ("the claim ... prescribed in subsection (a)"), § 6511(a) ("claim for ... refund"). A "[c]laim for ... refund" includes a tax return claiming a refund. *See, e.g.,* 26 C.F.R. § 301.6402–3(a)(1) (1994); *Mills v. United States,* 805 F.Supp. 448, 450 (E.D.Tex.1992). Plaintiffs' 1987 tax return requested a refund of $7,389.93 for taxes previously paid. (*See* Compl. ¶ 6; Pls.' Resp. to Def.'s Mem. in Supp. of the U.S.'s Mot. for Summ.J. at 1.) The return was filed on June 17, 1992, (*See* Compl. ¶ 6; St. of Mat.Facts Which the U.S. Contends Are Not in Disp. at ¶ 2.)—the first term in the above equation.

### b. *6 Months, 3 Days*

Section 6511(b)(2)(A) extends the period of tax refund eligibility by "any extension of time for filing the return." *See* 26 U.S.C. § 6511(b)(2)(A). Plaintiffs were granted an extension for filing their 1987 return up to and including October 18, 1988. (*See* St. of Mat.Facts, *supra* p. 3, at ¶ 1.) This is a period of 6 months, 3 days—the third term in the above equation.

### 2. *When Plaintiffs Are Deemed to Have Paid Their 1987 Taxes*

Plaintiffs paid estimated 1987 taxes on two dates: September 14, 1987, and April 6, 1988.[2] (St. of Mat.Facts, *supra* p. 3, at ¶ 3.) These dates, however, are not the dates on which plaintiffs are deemed to have paid their taxes for purposes of section 6511(b)(2). "For purposes of section 6511(b)(2) ..., payment of any portion of the tax made before the last day prescribed for the payment of the tax shall be considered made on such last day." 26 U.S.C. § 6513(a). Thus, because plaintiffs made 1987 tax payments before April 15, 1988, these payments are deemed to have been made on that date (which, nonetheless, is nearly eight months before the refund eligibility period that began on December 14, 1988).

### B. *The Applicability of 26 U.S.C. § 6511(b)(2)(A)*

#### 1. *Section 6511(a)*

Section 6511(b)(2)(A) applies only "[i]f the claim [for refund] was filed ... during the 3–year period prescribed in subsection (a)" of section 6511. *See* 26 U.S.C. § 6511(b)(2)(A). Subsection (a) states that a "[c]laim for ... refund ... shall be filed ... within three years from the time the return was filed...." 26 U.S.C. § 6511(a). Plaintiffs' claim for refund was filed within three years of their return, because the claim was asserted in the return. *See supra* p. 3.

#### 2. *Section 6511 in General*

Section 6511 applies only to claims for refund "of an overpayment of any tax imposed by this title in respect of which tax the

---

**2.** These payment dates are alleged by defendant. (*See* St. of Mat.Facts, *supra* p. 3, at ¶ 3.) Although plaintiffs dispute defendant's contentions about the *amount* of tax payments, they do not contest the *dates* of payment. (*See* Pls.' Mot. to Deny Def.'s Mot. for Summ.J. at ¶¶ 1, 3.)

taxpayer is required to file a return." 26 U.S.C. § 6511(a). Plaintiffs make two arguments why their suit should not be subject to section 6511.

### a. General Income Tax Versus Insurance Payment

■ First, plaintiffs argue that the self-employment taxes for which they seek a refund are "not a general income tax," but "an Insurance payment." (*See* Pls.' Resp., *supra* p. 3, at 2.) This argument is without merit.

Self-employment taxes fall within section 6511's reference to "any tax imposed by this title in respect of which tax the taxpayer is required to file a return." 26 U.S.C. § 6511(a). Self-employment taxes are a "tax" imposed by 26 U.S.C. § 1401(a). Plaintiffs were required to file a return for their self-employment taxes.[3] *See* 26 U.S.C. § 6017 ("Every individual ... having net earnings from self-employment of $400 or more ... shall make a return with respect to the self-employment tax...."); (Compl. ¶ 7 ("self-employment income ... of $40,000.00 on behalf of plaintiff Stanley M. Katz and $20,080.00 on behalf of Charleene B. Katz").).

### b. Overpayment Versus Erroneous Payment

■ Second, plaintiffs argue that they do not seek a refund for an "overpayment" within the meaning of section 6511. (*See* Pls.'

---

**3.** The court expresses no opinion as to whether self-employment taxes are "an Insurance payment," as plaintiffs claim. (*See* Pls.' Resp., *supra* p. 3, at 2.) Whether self-employment taxes are "an Insurance payment" (in addition to being a "tax") *is* immaterial. *The issue is whether they* are a "tax" within the meaning of section 6511.

**4.** The court expresses no opinion as to whether plaintiffs paid self-employment taxes "erroneously," as they claim. (*See* Pls.' Resp., *supra* p. 3, at 1.) Whether plaintiffs' payment was "erroneous" (in addition to being an "overpayment") is immaterial. The issue is whether the payment was an "overpayment" within the meaning of section 6511.

**5.** Plaintiffs seem to think that the $7,389.93 they now seek cannot constitute an "overpayment" because a previous claim for a $2,879.00 overpayment was denied. (*See* Pls.' Resp., *supra* p. 3, at 1 ("*That claim for overpayment was denied ... and is not a subject of this action.* (This is in

Resp., *supra* p. 3, at 1.) Instead, plaintiffs say they seek to recover taxes paid "erroneously" within the meaning of 28 U.S.C. § 1346, "for the purpose of qualifying for Social Security benefits." (*See id.*) This argument is also without merit.

Clearly, plaintiffs seek recovery of an "overpayment."[4] *See* 26 U.S.C. § 6511(a). An "overpayment" is an "internal revenue tax which is assessed or collected after the expiration of the period of limitation properly applicable thereto." 26 U.S.C. § 6401(a). Plaintiffs claim their self-employment taxes were:

> taxes [paid] ... for the purpose of qualifying for ... benefits which were ... already not available because the ... filing was beyond the time prescribed for benefit allowance by the ... statute of limitations.

(Pls.' Resp., *supra* p. 3, at 1–2.)[5]

### C. The Materiality and Genuineness of Facts in Dispute

■ Plaintiffs argue that two factual disputes preclude summary judgment. (*See* Pls.' Mot., *supra* note 2, at ¶¶ 1–3.) First, plaintiffs claim their tax payments totalled $15,000.00, (*Id.* at ¶¶ 1, 3), not $12,243.28 as claimed by defendant, (*see* St. of Mat.Facts, *supra* p. 3, at ¶ 3.). Second, plaintiffs deny they seek a refund for "overpayment" of taxes,[6] (*see* Pls.' Mot., *supra* note 2, at ¶ 2.),

---

contradiction to defendant's claim that plaintiff seeks a refund of overpayment.)"); *see also* Pls.' Mot., *supra* note 2, at ¶ 2.) Whether the $2,879.00 was an "overpayment," however, has nothing to do with whether the $7,389.93 was or was not one as well. Whether something is an "overpayment" is determined in reference to 26 U.S.C. § 6401(a), not other payments. A given taxpayer can make one, many, or no overpayments, depending upon when and if the definition of "overpayment" in 26 U.S.C. § 6401(a) is satisfied.

**6.** Plaintiffs also state that "it is not true that '[they] have commenced this action seeking a *refund of income and self-employment taxes.*'" (*See* Pls.' Mot., *supra* note 2, at ¶ 2 (*quoting* Mem. in Supp., *supra* p. 8, at 1.) This sentence was apparently not meant as a denial that plaintiffs seek monies paid as self-employment taxes. Elsewhere in their submissions, plaintiffs say they are seeking $7,389.93 paid as a "Self-Employment Tax," (Compl. ¶ 5.), "the self-employment tax," (Pls.' Resp., *supra* p. 3, at 1.), and

as defendant claims, (*see, e.g.,* Mem. in Supp. of U.S.'s Mot. for Summ.J. at 3 ("overpaid tax").).

The first issue does not preclude summary judgment because it is not "material." *See* Fed.R.Civ.P. 56(c); *Anderson,* 477 U.S. at 247–48, 106 S.Ct. at 2509–10. A factual issue is "material" if it "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. The amount of plaintiffs' tax payments has no bearing on whether they were paid during the period prescribed by 26 U.S.C. § 6511(b)(2)(A).

The second issue does not preclude summary judgment because it is not "genuine." *See* Fed.R.Civ.P. 56(c); *Anderson,* 477 U.S. at 247–48, 106 S.Ct. at 2509–10. A factual issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. There is no evidence on which a reasonable jury could decide that the refund plaintiffs seek was not an "overpayment" subject to the limitations of 26 U.S.C. § 6511(b)(2)(A). *See supra* note 3 and accompanying text.

#### D. *Hardship*

 Plaintiffs recite a variety of hardships in appealing for return of their taxes as a matter of fairness: old age, dependence on Social Security payments, a home in foreclosure proceedings, business failure caused by others' fraud, physical and mental illness, hospitalization, etc. (*See* Pls.' Resp., *supra* p. 3, at 2–3.) Although sympathetic to plaintiffs' exigencies, the court is without power to grant relief based thereon. Congress has consented to the government's liability for overpaid taxes only in specified circumstances. Courts cannot impose liability where Congress has not consented without violating the principles of sovereign immunity. *See United States v. Dalm,* 494 U.S. 596, 603–08, 110 S.Ct. 1361, 1365–68, 108 L.Ed.2d 548 (1990) (holding that there can be no

equitable recovery where statutes of limitation have expired); *Mills,* 805 F.Supp. at 450 (casting 26 U.S.C. § 6513(b)(2)(A) as a statute of limitations); *England v. United States,* 760 F.Supp. 186, 188 (D.Kan.1991) (same).

 This ruling is based only on the law. It does not decide whether plaintiffs' taxes should be refunded as a matter of fairness, aside from the requirements of the law. Where existing law does not authorize a remedy, courts cannot invent one out of a sense of fairness. Only legislatures can.

### III. *CONCLUSION*

Defendant's motion for summary judgment (doc. 4) is granted.

SO ORDERED.

---

"funds ... to cover self-employment taxes," (*id.* at 2.).

It appears instead that plaintiffs intended the sentence quoted above as a denial that their self-employment taxes were an overpayment of in-

come taxes. The sentence following the one quoted above confirms that characterization: "Plaintiffs are *not* seeking a refund of the overpayment of their 1987 internal revenue taxes...." (Pls.' Mot., *supra* note 2, at ¶ 2.)