Larry WILLIS and Donna Willis, Appellants,

v.

The UNITED STATES of America, Appellee.

Civil Action No. H–95–187.

United States District Court, S.D. Texas, Houston Division.

Jan. 19, 1996.

---

1. Most of the courts subscribing to the minority view have relied on the since-rejected *Orvco* opinion.

James Charles Fogo, Houston, TX, for Larry Willis, Donna Willis.

Michael D. Powell, Dept. of Justice, Dallas, TX, Gregg D. Stevens, Dept. of Justice, Dallas, TX, Susan K. Greene, U.S. Attorney's Office, Houston, TX, for United States.

Letitia Z. Clark, Houston, TX, for amicus.

## ORDER AFFIRMING JUDGMENT OF BANKRUPTCY COURT

ATLAS, District Judge.

The debtors appeal to this Court from the judgment of the Bankruptcy Court filed September 23, 1994, based upon its Memorandum Opinion Granting Summary Judgment. The Bankruptcy Court rendered its decision after considering the parties' cross motions [1], the pleadings, evidence, stipulations of facts, and arguments of counsel. This Court has considered all the matters before the Bankruptcy Court as well as the arguments of counsel and the authorities cited to it in the parties' briefs on appeal and at oral argument held on November 13, 1995. The Court has concluded that the Bankruptcy Court's rulings are correct and that the judgment should be affirmed. This conclusion is based on the clear and correct reasoning of the Bankruptcy Court, as well as on the following additional points.

The pertinent facts are set forth in the parties' Stipulation of Facts [2], as summarized by the Bankruptcy Court, and will not be repeated here except as necessary to an understanding of this Court's additional reasoning.

### The Facts

The debtors seek reversal of the Bankruptcy Court's ruling contending that the debtors should receive the benefit of refunds due to overpayment for their taxes for the years 1986 and 1987.[3] Specifically, the debtors seek to use these refunds to partially pay their taxes due for the years 1987 and 1988. (Stipulation of Facts ("Stip.") ¶¶ 9, 10).

The debtors failed to timely file income tax returns for the years 1986 through 1992.

The Internal Revenue Service ("IRS") contended originally that the debtors owed $70,869.84, as of July 20, 1993, as reflected in the Proof of Claim filed that day, for taxes, penalties and interest accrued up to the date of the debtors' Chapter 13 petition in bankruptcy, June 25, 1993. *Id.* ¶ 2. The IRS later abated the excess tax previously assessed for

---

1. Motion for Judgment on Partial Findings filed by Debtor (Appellants' Designation of Record on Appeal, Entry # 4 (Bankruptcy Docket No. 43)) and Motion for Summary Judgment filed by the United States of America on behalf of the Department of the Treasury Internal Revenue Service (Appellants' Designation of Record on Appeal, Entry # 12 (Bankruptcy Docket No. 44)).

2. Appellants' Designation of Record on Appeal, Entry # 6 (Bankruptcy Docket No. 50).

3. Due to excessive withholding of tax in the years 1986 and 1987, the debtors overpaid the tax due for the 1986 and 1987 tax years in the respective amounts of $4,739.00 and $1,233.00. Stip. ¶ 17.

1986 and 1987, reducing the balance on the debtors' 1986 and 1987 accounts to zero (*Id.* ¶ 13). The IRS filed an amended proof of claim (dated April 8, 1994) in the debtors' bankruptcy to reflect approximately $35,484.17 for taxes, penalties and interest due from the debtors for the tax years 1988 through 1992. United States Appellee Brief, at 4, ¶¶ 14, 15.

The procedural history of the IRS' collection attempts is lengthy. In sum, the IRS sent the debtors notices of deficiency (based on third party information) on July 18, 1990, for the 1986 and 1987 tax years. Stip. ¶ 6. The debtors defaulted on these notices of deficiency and the IRS assessed taxes against the debtors for these years per the notices of deficiency. *Id.* ¶ 7.

After the IRS had filed a notice of federal tax lien with the Harris County Clerk (*Id.* ¶ 8), the debtors filed a petition in bankruptcy in 1993 and also filed their 1986 and 1987 tax returns, which were received by the IRS on June 28, 1993 (*Id.* ¶¶ 9, 10). All agree that these tax returns were filed more than four years late.[4]

All now agree that the debtors' 1986 and 1987 income tax liabilities are satisfied (*Id.* ¶ 13) and that there is an overpayment for each of these years. *Id.* ¶ 17. As part of the late filed 1987 and 1988 tax returns, the debtors filed on June 28, 1993 claims for "credit or refund" for these tax overpayments (*Id.* ¶ 18) by electing to apply the 1986 refund to the taxes due for the year 1987 and the 1987 refund to the 1988 tax year obligations. *Id.* ¶ 18.

There is no dispute between the parties that the debtors' claims for credit or refund (and the associated elections to apply the overpayments[5] to the later years' tax obligations) were "timely" filed in the sense that they were filed within three years of the debtors' filing of their returns. *Id.* ¶¶ 9 and 10. *See* 26 U.S.C. § 6511(a).[6]

The debtors contend, and the IRS agrees, that the debtors should be deemed to have paid their taxes for 1986 on October 15, 1987, and deemed to have paid their 1987 taxes on October 15, 1988. Stip. ¶¶ 4 and 5. These "deemed payments" are clearly outside the three year period counting back from the time the debtors filed their claim in June, 1993.[7]

The debtors' counsel contended at oral argument that resolution of this appeal depends on the interrelationship of three statutes: 26 U.S.C. § 6402(a), 26 U.S.C. § 6402(d), and 26 U.S.C. § 6511. The IRS at oral argument cited to the Court two new decisions by the Courts of Appeals for the Fourth and Ninth Circuits. These comments will direct the discussion below in large part.

### Legal Analysis

█ The debtors in essence argue, as what their counsel characterized at oral argument

---

4. The debtors omitted several sources of income on their 1987 tax return and therefore the IRS recomputed their tax liability for 1987 using third-party information in addition to what was reported by debtors. *Id.* ¶ 11.

5. The debtors argue that they do not really seek a "refund" of the overpayment, but want to pay later years' taxes using the credit to which they claim entitlement.

6. It appears that the United States is not arguing that the Court lacks jurisdiction in this case, despite the holdings in the cases the Government cites. Presumably this is because the IRS has filed a proof of claim in the debtors' bankruptcy and thus there is federal subject matter jurisdiction over the dispute under 28 U.S.C. §§ 158, 1334. This Court is not convinced that the general bankruptcy jurisdiction suffices to confer upon it the power to grant the relief sought by debtors. However, in light of the Court's deci-

sion on the grounds argued by the parties, it appears unnecessary to reach the very difficult question of whether the United States waives its sovereign immunity as to the statute of limitations for tax refunds by filing a proof of claim in a taxpayer's bankruptcy proceeding. *See United States v. Dalm,* 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990).

7. The debtors rely on Section 6513(b)(1) to determine the date on which their taxes were deemed paid. Section 6513(b)(1) provides:

For purposes of Section 6511 or 6512, Any tax actually deducted and withheld at the source during any calendar year under chapter 24 shall, in respect of the recipient of the income, be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31.

as their strongest point,[8] that they are entitled to a ten year statute of limitations for the period a taxpayer is entitled to reach back to calculate the amount of refund to which he or she is entitled, relying on *Grider v. Cavazos,* 911 F.2d 1158 (5th Cir.1990), and 26 C.F.R. § 301.6402–6(T)(b)(2). They rely principally on their own statutory analysis of Sections 6402(a) and (d). They further argue that the amount of the debtors' refund should not be limited to the three year (plus one six month extension for filing granted by the IRS in this case) period that the IRS contends applies pursuant to Section 6511(b)(2)(A).

The debtors' argument that this case is not governed by 26 U.S.C. § 6402(a) is confounding. Section 6402(a) provides that the "Secretary, within the applicable period of limitations, may credit the amount of [a taxpayer's] overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c) and (d), refund any balance to such person." The debtors then contend that Section 6402(d), which governs "collection of debts owed to federal agencies" "trumps" Section 6402(a), since the Department of the Treasury is a "federal agency."[9]

This aspect of the debtors' argument simply ignores the plain language of the statutes on which they rely and thus cannot be accepted. *See Boyce v. Greenway,* 71 F.3d 1177, 1179–80 (5th Cir.1996). Section 6402(a) gives the Secretary of the Treasury the authority to make credits and refunds. Section 6402(d) directs the Secretary to refund the excess of any overpayments to the taxpayer, but only after other federal agencies which have notified the Secretary of "past-due legally enforceable debt[s]" receive the funds they claim from the remaining overpayment. 26 U.S.C. § 6402(d)(1). The taxpayer is entitled to notice of this reduction from the refund. 26 U.S.C. § 6402(1)(C).

■ For debtors to argue that the Secretary is a "federal agency" in this context is to take the provisions on which they rely completely out of context and to render Section 6402(a) meaningless, a result Congress could not have intended. Where a statute's language is plain, the Court must enforce it. *See, e.g., United States v. Ron Pair Enterprises,* 489 U.S. 235, 243, 109 S.Ct. 1026, 1031–32, 103 L.Ed.2d 290 (1989); *Miss. Poultry Ass'n, Inc. v. Madigan,* 31 F.3d 293, 299 (5th Cir.1994).

The debtors' proposed interpretation also ignores the concept that the "Secretary" referred to throughout the Internal Revenue Code, of which the provisions in issue are a part, is distinct from all other people, agencies and entities since the Secretary is the defined term referring to that part of the United States government authorized to collect taxes and to implement the tax laws of this country. The Court will not construe the Internal Revenue Code to ignore the distinct position that the Secretary (and thus the Department of the Treasury) holds in this framework.

■ Moreover, Section 6402(d), by debtors' own admission, applies to "an agency of the federal government when funds are on *deposit with the USA IRS.*" Brief of Appellants Larry Willis and Donna Willis, at 5 (emphasis added) [Doc. # 5], citing *Grider v. Cavazos,* 911 F.2d 1158 (5th Cir.1990). Thus, the debtors' argument as to Section 6402(d) is not persuasive. The funds paid to the government as a result of employers' withholding taxes from employees, as is the case here, are not on "deposit." They are taxes "paid" and belong to the United States government until refunded. *See generally* 26 U.S.C. §§ 6513(b)(1), 6151(a); *Blatt v. United States,* 830 F.Supp. 882, 888 (D.S.C.1993), *aff'd,* 34 F.3d 252 (4th Cir.1994).

The debtors must fail in their appeal also since their arguments do not overcome the recent holdings in the cases cited by the IRS in which taxpayers, like the Willises, failed to file their tax returns timely although income taxes had been withheld from the taxpayers' pay in the tax years in question. *See, e.g.,*

8. Transcript of Oral Argument, Nov. 14, 1995, at 13.

9. Section 6402(f) defines "Federal agency" as "a department, agency or instrumentality of the United States...."

*Miller v. United States,* 38 F.3d 473 (9th Cir.1994). In *Miller,* the Ninth Circuit held that "Section 6511 has as its purpose foreclosing untimely claims." *Id.* at 475. The Court of Appeals held that the "point at which one must determine whether a return has or has not been filed, for purposes of [Section 6511(a)], must be two years after payment. Otherwise, no claim could ever finally be barred by the two-year-after-payment clause because the taxpayer could at any time file a return and have three more years to assert the claim." *Id.*

In *Lundy v. Internal Revenue Service,* 45 F.3d 856, 858 (4th Cir.1995), *cert. granted,* ── U.S. ──, 115 S.Ct. 2244, 132 L.Ed.2d 254 (1995), the Court of Appeals for the Fourth Circuit explained that Section 6511 gives a taxpayer three years from the due date of his income tax return to claim a refund for all income tax withheld from him during the tax year. The Court then noted the possibility that a taxpayer might have a reason to pay additional tax after that three year time limit, and in such cases the Internal Revenue Code was held to allow the taxpayer to file a timely claim for a refund—up to the amount paid in additional taxes—if the claim for the refund was sought within two years of the date the additional taxes were paid. *Id.* at 859.

The debtors here do not satisfy the requirements as set forth in these cases and provide no good reason or means for this Court to distinguish their reasoning.

■ Finally, to the extent the debtors are contending that they are entitled to mitigation pursuant to 26 U.S.C. §§ 1311 through 1314, their argument was properly rejected by the Bankruptcy Court. The debtors do not make any comprehensible argument as to how they satisfy the detailed conditions of these provisions and nothing in this record

establishes that debtors meet the elements of Section 1312, which is a condition that the taxpayer must meet before qualifying for mitigation. *See Cocchiara v. United States,* 779 F.2d 1108, 1112 (5th Cir.1986); *O'Brien v. United States,* 766 F.2d 1038, 1041–1042 (7th Cir.1985); *Curtis Gallery & Library, Inc. v. United States,* 388 F.2d 358, 361 (9th Cir.1967).

■ Nor are the cases cited by the debtors in support of their arguments concerning the doctrine of equitable recoupment, *Bull v. United States,* 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935); *Estate of Mann,* 731 F.2d 267, 279 (5th Cir.1984), or mandamus, 28 U.S.C. § 1361, if at all applicable, persuasive authority in light of the material distinctions between the taxpayers in those cases and the debtors here.[10]

Therefore it is **ORDERED** that the Judgment of the Bankruptcy Court is **AFFIRMED.**

---

**10.** To the extent the debtors rely on *Bull v. United States,* 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935), the Court declines to grant such relief. First of all, the Supreme Court in *United States v. Dalm,* 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990), reaffirmed its holding in *Bull* that equitable recoupment was restricted to circumstances "where the Government has taxed a single transaction, item, or taxable event under two inconsistent theories."

*United States v. Dalm,* 494 U.S. at 605 n. 5, 110 S.Ct. at 1367 n. 5. The Court does not perceive such circumstances exist here. Finally, to the extent the debtors seek this Court's exercise of its equitable powers, the debtors' conduct in failing to meet their legal obligations by neglecting to file income tax returns for the years in question, indeed failing to file returns for five or six years, precludes them from obtaining such benefits from this Court.