**Robin & Diane MILLER, husband and wife, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 93–35000.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 1994.

Decided Oct. 20, 1994.

474

F. Michael Kovach, Seattle, WA, for plaintiffs-appellants.

Michael L. Paup and Robert Metzler, Asst. U.S. Attys., Washington, DC, for defendant-appellee.

Before: WRIGHT, WIGGINS, and THOMPSON, Circuit Judges.

WIGGINS, Circuit Judge:

Robin and Diane Miller ("Taxpayers") seek a refund of federal income taxes withheld from their wages. They filed an action in district court pursuant to 28 U.S.C. § 1346(a)(1). The district court dismissed the action as untimely. We have jurisdiction over the final judgment pursuant to 28 U.S.C. § 1291 and affirm the district court.

## FACTS

Taxpayers failed to prepare a timely income tax return for tax year 1986. In either June 1989 or February 1990, the Internal Revenue Service prepared a substitute return for that year pursuant to 26 U.S.C. (I.R.C.) § 6020(b). The IRS mailed a notice of deficiency to Taxpayers on August 23, 1989. Taxpayers did not prepare a return for 1986 until April, 1990. It was mailed on April 16, 1990 and received at the Internal Revenue Service Center on April 18. That filing was deficient because it lacked a necessary schedule (pertaining to partnership losses) and because a photocopy, with only a photocopied signature, was mailed. In February 1991, a corrected return was filed.

■ Both filings by Taxpayers asserted a claim for a refund. The IRS issued a notice of disallowance of claim regarding the April 1990 return on May 23, 1991. Taxpayers filed suit in the Western District of Washington in April 1992. The district court granted the government's motion to dismiss for lack of jurisdiction because it concluded that, under I.R.C. § 6511(a), there had been no timely claim for a refund. A timely claim is a jurisdictional prerequisite to an action for recovery of taxes paid. I.R.C. § 7422(a); *Boyd v. United States,* 762 F.2d 1369, 1371 (9th Cir.1985); *Northern Life Ins. v. United States,* 685 F.2d 277, 279 (9th Cir.1982). The district court decided that the claim had to be filed within two years of the payment of the taxes because the return was filed after April 16, 1987, the due date for 1986 returns. The court also decided, in the alternative, that the claim was filed upon receipt, not mailing, and therefore none of the taxes at issue could be recovered because they had been paid more than three years before the claim.

## DISCUSSION

■ The Internal Revenue Code provides that a claim for a refund is timely if filed

within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or *if no return was filed by the taxpayer, within two years from the time the tax was paid.*

I.R.C. § 6511(a) (emphasis added). The district court interpreted § 6511 as providing a three-year period for filing only where the return was filed before the April 16, 1987, filing deadline. *See Arnzen v. I.R.S.,* 91–1 U.S.Tax Cas. (CCH) ¶ 50,020, 50,021, 71A A.F.T.R.2d (P–H) ¶ 93–4038, 1990 WL 260539, 1990 U.S.Dist. LEXIS 17236 (W.D.Wash.1990) (holding, without authority or explanation, that "[s]ection 6511(a) must be read to refer to a 'timely' filed return"). The district court concluded that the three-year period for filing a claim was unavailable to taxpayers because they had filed their return after it was due. Taxpayers argue that § 6511(a) does not require a' timely return to start the three-year period. Such a requirement did appear in the 1954 Internal Revenue Code, they note, but was intentionally changed in 1958. Small Business Tax Revision Act of 1958, Pub.L. No. 85–866, § 82(a), 72 Stat. 1606.

■ We review the district court's construction and interpretation of a statute de novo. *United States v. LeCoe,* 936 F.2d 398, 400 (9th Cir.1991). We conclude that Taxpayers' claim is untimely. A two-year period for filing a claim is mandated by section 6511(a) in this case.

The taxes withheld from Taxpayers' 1986 wages are deemed to have been paid on April 15, 1987. I.R.C. § 6513(b)(1). On April 15, 1989, two years after the payment of taxes, Taxpayers still had not filed their 1986 return. Because no return had been filed as of two years after the date of payment of the taxes, any claim was untimely under section 6511(a). *Ancel v. United States,* 398 F.2d 456, 457 (7th Cir.1968) (affirming the district court's dismissal of a refund action as untimely under the two-year period because no return had been filed). A later return cannot resurrect the three-year period. *Galuska v. C.I.R.,* 5 F.3d 195, 196 (7th Cir.1993) (stating that, under § 6511(a), "[w]here, as here, no return is filed, the claim for refund must be filed within two years of the date the tax is paid," even though a return *was* filed just short of four years after the extended due date).

■ Section 6511 has as its purpose foreclosing untimely claims. If the clock were to run only from the filing of the return, no claim would ever be barred as long as the return was not filed. This result is precluded by the statutory insistence that a claim be filed within two years after the payment of the taxes "if no return was filed by the taxpayer." The point at which one must determine whether a return has or has not been filed, for purposes of that clause, must be two years after payment. Otherwise, no claim could ever finally be barred by the two-year-after-payment clause because the taxpayer could at any time file a return and have three more years to assert the claim. *See Oropallo v. United States,* 994 F.2d 25, 30 (1st Cir.1993) ("We have assumed [for the sake of argument] that a return can be filed at any time after its due date and still be a return for purposes of filing a claim within that three-year period. Under that interpretation, the limitations period in section 6511(a) is totally illusory."), *cert. denied,* —— U.S. ——, 114 S.Ct. 705, 126 L.Ed.2d 671 (1994).[1] To hold that any return, no matter how delinquent, starts the three-year period would not only nullify part of § 6511, but also reward taxpayers for delaying the filing of

1. *Oropallo* refused to decide the issue we now decide, because the case could be resolved against the late claim even given the assumption that any return started the three-year period for purposes of § 6511(a). 994 F.2d at 27. *Mills v. United States,* 805 F.Supp. 448 (E.D.Tex.1992) (cited by *Oropallo,* 994 F.2d at 30), also successfully avoids the issue. That case states that "[c]onceivably, [a] plain reading of § 6511(a) could permit a taxpayer to file a tax return 40 years late and still have 3 additional years in which to file a claim for refund. However, this does not render the statute of limitations mean-ingless because § 6511(b) limits the refunds to only those amounts actually paid in the 3 years preceding the filing of the claim for refund." 805 F.Supp. at 450. The reading proposed in *Mills* would render meaningless, however, the two-year period of § 6511(b)(2)(B). *Mills,* moreover, could indulge the assumption that the three-year period began to run upon filing of any return because the return (and claim) in that case were clearly filed more than three years after the deemed payment of the taxes. In this case, we cannot avoid application of the decisive two-year limitations period.

their returns. We decline to impose upon the Internal Revenue Code any interpretation that would render any of its clauses irrelevant or have an effect so manifestly opposite that intended by the statute.

Giving effect to the portion of § 6511(a) that only allows two years for filing a claim where no return is filed is also necessary to prevent a disparity in the adjudication of tax claims. Taxpayers would have been barred from recovering any taxes paid if they had petitioned the Tax Court rather than bringing an action in the district court. On August 23, 1989, the Commissioner sent Taxpayers a notice of deficiency. Under I.R.C. section 6512(b)(3)(B),[2] the relevant limitations period is that which would be applicable if a claim were filed on the date that the notice of deficiency was mailed. Because no tax return had been filed at the time of the notice of deficiency, the three-year period prescribed by section 6511(a) is inapplicable. Instead, the applicable period is the two-year period of § 6511(a) for cases in which "no return is filed." *Galuska*, 5 F.3d at 196. As a result, refunds may be made only to the extent that they reflect taxes paid during the two years immediately preceding the date of the deficiency notice. § 6511(b)(2)(B).[3] The alleged overpayment occurred before August 23, 1987, the date two years before the deemed claim. Therefore, under section 6512(b)(3), no credit or refund is allowable. This analysis has been affirmed repeatedly. *E.g., Galuska*, 5 F.3d at 196; *Patronik–Holder v. Commissioner*, 100 T.C. 374, 1993 WL 128151 (1993); *Braman v. Commissioner*, T.C.Memo 1992–636, 64 T.C.M. (CCH) 1195, 1197, 1992 WL 314025 (1992) ("Section 6511(a) also expressly provides that if no return was filed by the taxpayer, [a] claim must be filed within two years from the time the tax was paid."); *Allen v. Commissioner*, 99 T.C. 475, 1992 WL 252851 (1992), *aff'd*, 23 F.3d 406 (6th Cir.1994).

 The taxpayer is not supposed to derive an advantage by choosing one forum over another. *See Galuska*, 5 F.3d at 196 n. 1. Had Taxpayers petitioned the tax court rather than instituting an action in the district court, they would have been barred from recovering, and the tax court's decision would have divested the district court of jurisdiction to consider the claim. *Russell v. United States*, 592 F.2d 1069, 1071–72 (9th Cir.), *cert. denied*, 444 U.S. 946, 100 S.Ct. 308, 62 L.Ed.2d 315 (1979). If a return filed three years after the payment starts another three year period for asserting a claim, the choice not to proceed in the tax court would give Taxpayers up to four additional years to pursue their claim. To hold that the filing of a return more than two years after payment of taxes invokes the three-year period of § 6511(a) would reward strategic behavior on the part of taxpayers and create a discrepancy in limitations periods that was not intended by the Internal Revenue Code. We therefore conclude that § 6511(a) operates consistently to give the taxpayer the right to file a claim up to three years after the return only where that return is filed within two years of payment of the taxes.

Because we conclude that the Taxpayers' claim is barred, we need not address the district court's holdings that the three-year period of section 6511(a) only applies to the timely filing of a complete return and that the mailbox rule of I.R.C. § 7502(a) did not apply.

## CONCLUSION

Taxpayers' action was properly dismissed as time-barred. The judgment of the district court is affirmed.

---

2. Section 6512(b)(3), I.R.C., establishes limitations on recovery of over-payment by petition to the tax court, and provides:

No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid ... (B) within the period that would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had

been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment....

3. That subsection provides, "If the claim was not filed within such 3–year period [described in § 6511(a)], the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim."