**Astrid E.A. OMOHUNDRO, individually and as the beneficiary of the estate of Stuart W. Omohundro, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 00–56558.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2001.

· Filed Aug. 19, 2002.

Arthur V. Pearson and Joan E. Low, Murphy, Pearson, Bradley & Feeney, San Francisco, CA, for plaintiff-appellant Astrid E.A. Omohundro.

Claire Fallon, Richard Farber, and Rachel L. Wollitzer, Department of Justice Tax Division, Washington, D.C., for defendant-appellee United States of America.

Before: BROWNING, REINHARDT, and TALLMAN, Circuit Judges.

## OPINION

PER CURIAM.

Appellant Astrid Omohundro ("Omohundro") appeals an order of the district court dismissing her complaint seeking credit for the overpayment of her 1993 income taxes. Relying on our decision in *Miller v. United States*, 38 F.3d 473(9th Cir.1994), the district court held it lacked jurisdiction because Omohundro failed to file a timely administrative claim for credit with the Internal Revenue Service ("IRS"). We reverse.

### I.

To bring an action for credit or refund of overpaid taxes, a taxpayer must first file an administrative claim with the IRS. *See* I.R.C. § 7422(a) (2002). The administrative claim must be filed:

> within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

I.R.C. § 6511(a) (2002). A taxpayer's failure to file an administrative claim within the time periods imposed by statute divests the district court of jurisdiction over an action for a refund or credit.[1] *See United States v. Dalm*, 494 U.S. 596, 602, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990).

The issue in this case is whether a taxpayer's claim for credit or refund of overpaid taxes is timely under I.R.C. § 6511(a) if the claim is filed within three years of the date the taxpayer filed his return, regardless of whether the return was filed on or before the date it was due. Omohundro and the United States argue that all claims made within three years of the date of the filing of the return are timely and urge us to overturn *Miller*.

In *Miller*, we held under I.R.C. § 6511(a) that a taxpayer must file a return within two years of payment of the taxes to recover a refund or credit. *Miller*, 38 F.3d at 475. We reasoned that the point at which the court must determine whether a return was filed for purposes of the clause "if no return was filed" is two years after payment of the tax, otherwise no claim could ever be finally barred by the two-year after-payment clause. *Id.* at 475–476.

We also found our construction of I.R.C. § 6511(a) was necessary to prevent "forum shopping." *Id.* at 476. Under the 1994 version of § 6512(b)(3), if a taxpayer failed to file a tax return and was issued a deficiency notice, the amount of refund he could recover in tax court was limited to the tax paid during the two-year period immediately preceding the date of the notice. We reasoned if we held that a three-year limitation period applied in district court, taxpayers would improperly derive an advantage by filing a claim there rather than in tax court. *Id.*

## II.

■ Both Omohundro and the United States contend *Miller* was incorrectly decided and that *Miller* does not bind this panel. We are not bound by the decision of a prior panel if a subsequent en banc decision, Supreme Court decision, or legislation has undermined it. *See Nghiem v. NEC Electronic, Inc.*, 25 F.3d 1437, 1441 (9th Cir.1994).

In deciding *Miller*, we did not consider Revenue Ruling 76–511 which was directly on point and in effect at the time. In 76–511, a taxpayer sought advice on whether he could recover a refund when he filed his 1972 tax return, including a refund claim, on April 30, 1976. The IRS decided the refund claim was timely, stating, "[i]n this case, A [taxpayer] filed a claim for a refund within the 3–year period of limitation prescribed by section 6511(a) of the Code, because, under section 30.6402–3 of the regulations, A's 1972 income tax return was a claim for a refund." Rev. Rul. 76–511, 1976–2 C.B. 428 (1976).

■ In *United States v. Mead Corp.*, 533 U.S. 218, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001), the Supreme Court held that

---

1. Even if a taxpayer files an administrative claim within the applicable limitations period prescribed by I.R.C. § 6511(a), § 6511(b) establishes two "look-back" periods which may limit the amount of refund or credit a taxpayer may recover:

 (A) Limit where claim filed within 3–year period—If the claim was filed by the taxpayer during the 3–year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return . . .

 (B) Limit where claim not filed within 3–year period—If the claim was not filed within such 3–year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

an administrative agency's interpretation of a statute contained in an informal rule-making must be accorded the level of deference set forth in *Skidmore v. Swift & Co.*, 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944). *Mead*, 533 U.S. at 234, 121 S.Ct. 2164. The Court held the deference required depends on the "thoroughness evident in [the agency's] consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it the power to persuade ..." *Id.* at 228, 121 S.Ct. 2164. (citing *Skidmore*, 323 U.S. at 140, 65 S.Ct. 161). *Mead* involved a Customs Service tariff ruling, which is closely akin to an IRS revenue ruling. Given that the two types of agency rulings are analogous, we are required to apply *Mead's* standard of review to an IRS revenue ruling. *See Matz v. Household Int'l Tax Reduction Investment Plan*, 265 F.3d 572, 575 (7th Cir.2001).

 In light of the Supreme Court's intervening holding in *Mead*, we must decide whether Revenue Ruling 76–511 commands deference. We believe it does. First, the IRS's reasoning is valid. Although the IRS's interpretation of I.R.C. § 6511(a) may render the statute's time limitations somewhat "illusory," the look-back provisions of I.R.C. § 6511(b) effectively eliminate any danger of taxpayers recovering on stale claims.[2] Every appellate court that has addressed this issue has reached the same decision as the IRS or has indicated it would do so. *See Weisbart v. United States*, 222 F.3d 93, 95–96 (2d Cir.2000) (holding a taxpayer has three years from the date his return is actually filed to file a claim for refund or credit); *Richards v. C.I.R.*, 37 F.3d 587, 589 (10th Cir.1994) (noting the "benchmark date" for

measuring the triggering events of the relevant limitations period is the date on which taxpayer actually files a return); *Oropallo v. United States*, 994 F.2d 25, 26–27 (1st Cir.1993) (declining to decide the issue but assuming a three-year limitations period applied when a taxpayer filed a return containing a claim for a refund more than two years after payment of the tax).

Revenue Ruling 76–511 is consistent with later IRS pronouncements. In February of 2001, the Department of the Treasury and the IRS issued a final regulation regarding the application of the "mailbox" rule to late-filed returns including refund claims. The example in the regulation assumes a claim for a refund of overpaid 2001 taxes is timely under I.R.C. § 6511(a) when the claim was included in a return filed on April 15, 2005. *See* Timely Mailing Treated as Timely Filing/Electronic Postmark, 66 Fed.Reg. 2257 (Jan. 11, 2001) (to be codified at 26 C.F.R. pt. 301).

The IRS's interpretation of I.R.C. § 6511(a) is supported by the legislative history of the statute. Under the 1954 version of the statute, the three-year period was intended to run from the date the taxpayer's return was due, not the date it was actually filed. *See* S.Rep. No. 83–1622 (1954), *reprinted in* 1954 U.S.C.A.A.N. 4621, 5235. In 1958, Congress amended the statute, expressing concern that taxpayers had to file a timely return in order to benefit from the three-year limitation period while the IRS had three years to complete assessments regardless of whether the return was timely. *See* S.Rep. No. 85–1983 (1958), *reprinted in* 1958 U.S.C.A.A.N. 4791, 4887. By amending I.R.C. § 6511(a), Congress intended that

---

**2.** This is well-illustrated by Revenue Ruling 76–511 in which the IRS found a refund claim was timely under I.R.C. § 6511(a), but was barred by I.R.C. § 6511(b) since the tax-

payer did not pay the tax to be refunded within the three-year period immediately preceding the date the return was filed.

"a claim for a refund or credit of any tax may be filed within three years from the time the return was actually filed (or, as under present law, within 2 years from the time of payment, whichever is later)." *Id.*

Subsequent legislation has also significantly undermined *Miller's* reasoning. The *Miller* court found its holding was necessary to prevent taxpayers who received a deficiency notice from "forum shopping" between district court and tax court. The Taxpayer Relief Act of 1997 eliminated any disparity in deadlines between tax court and district court by amending I.R.C. § 6512(b)(3) to allow a three-year look-back period for a refund claim filed in tax court where no return has been filed and the mailing date of the deficiency notice is during the third year after the return due date. *See* I.R.C. § 6512(b)(3)(B), (C) (2002). Under the current statute, *Miller* actually creates a disparity since a taxpayer must file a return within two years of payment of the tax in district court, but need not do so in tax court.

In light of the intervening Supreme Court decision in *Mead,* which requires that we accord *Skidmore* deference to revenue rulings, as well as the recent legislation that has obviated the *Miller* court's concern with potential forum-shopping, we conclude we are no longer bound by *Miller.* Accordingly, we hold that under I.R.C. § 6511(a), a taxpayer's claim for credit or a refund is timely if it is filed within three years from the date his income tax return is filed, regardless of when the return is filed.

The district court had jurisdiction over Omohundro's claim for credit for overpaid income taxes because her administrative claim was timely filed. Omohundro's 1993 tax return was considered filed on October 14, 1997, *see* 66 Fed.Reg. at 2260, and she had three years from that date to file her claim for credit. Her claim for credit was included in her tax return and was considered filed on the same date. *See* Treas. Reg. § 301.6402–3(a)(4).

We REVERSE and REMAND to the district court for further proceedings.