T.C. Memo. 2002-308

UNITED STATES TAX COURT

TSUTOMU TEDOKON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8797-00L.          Filed December 17, 2002.

P filed a petition for judicial review pursuant to
sec. 6330, I.R.C., in response to a determination by R
to proceed with collection by levy of assessed tax
liabilities for 1993, 1994, 1995, and 1997.

<u>Held</u>:  Because P's claim for overpayment credit
was filed within three years from the date P filed his
return, P's claim was timely filed. <u>Omohundro v.
United States</u>, 300 F.3d 1065 (9th Cir. 2002), followed;
Rev. Rul. 76-511, 1976-2 C.B. 428 applied.

<u>Held</u>, <u>further</u>, because P made no tax payments
during the applicable look-back period of sec.
6511(b)(2)(A), I.R.C., the ceiling limitation on P's
credit is zero.

<u>Held</u>, <u>further</u>, equitable relief is unavailable to
P, and R may proceed with collection of balances due as
determined in a "NOTICE OF DETERMINATION CONCERNING
COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330".

Tsutomu Tedokon, pro se.

Sylvia L. Shaughnessy, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NIMS, Judge:  This case arises from a petition for judicial review filed in response to a "NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330" (Notice). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Respondent does not challenge the Court's jurisdiction over this case, and petitioner does not assert that respondent's Appeals Officer did not take into consideration all of the matters required by section 6330(c)(3).  Consequently, the only issue for decision is the substantive question of whether section 6511 precludes the allowance of any portion of petitioner's 1991 overpayment of tax as a credit against his liabilities for 1993, 1994, 1995, and 1997.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of the parties, with accompanying exhibits, are

incorporated herein by this reference. At the time the petition was filed in this case, petitioner resided in San Diego, California.

Petitioner did not timely file a Form 1040, U.S. Individual Income Tax Return, for taxable years 1991, 1992, 1993, 1994, 1995, or 1997, respectively.

On April 18, 1991, petitioner made an estimated income tax payment of $11,807 for his 1991 tax year. Respondent at some point applied $1,589 of this amount against petitioner's 1991 tax liability, leaving a credit balance of $10,218, as reflected on several IRS statements of account for 1991.

Respondent extended the filing date for petitioner's 1991 income tax return from April 15 until August 15, 1992. Respondent subsequently further extended the filing date to October 15, 1992.

On December 14, 1998, respondent sent petitioner a standard notice entitled "REQUEST FOR YOUR TAX RETURN" concerning the respondent's nonreceipt of petitioner's 1991 income tax return. At the bottom of this notice was the following:

> \*    \*    \*    \*    \*    \*    \*
>
> \*\*\*   YOU HAVE A CREDIT BALANCE OF $11807   \*\*\*
> Please explain how you want us to handle your credit.
> See the specific instructions on the enclosed Form
> 9358.

On February 11, 1999, petitioner filed his 1991 return, on which he reported a tax liability of $1,589. On his 1991 return, petitioner claimed that an overpayment in the amount of $10,218 was available for credit to other tax liabilities. On Form 9358, filed with his 1991 return, petitioner requested that respondent apply his April 18, 1991, estimated tax payment first to his 1991 income tax liability, and then to his 1992 income tax liability. Respondent apparently acceded to this request as to 1991, since $1,589 of the estimated tax payment was applied against the liability shown on the delinquent 1991 return. A computer print of petitioner's IRS accounts reflects a 1992 liability for tax, interest, and penalties, through March 8, 2000, of $8,525.68. Beyond this, the record is silent as to payment of petitioner's 1992 tax liability.

In mid-1999, petitioner filed delinquent Federal income tax returns for his 1992, 1993, 1994, 1995, and 1997 tax years, with each return showing a balance due.

On October 25, 1999, respondent issued to petitioner a letter entitled "FINAL NOTICE--NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING" relating to petitioner's unpaid income tax liabilities for 1993, 1994, 1995, and 1997. Thereafter, on November 22, 1999, petitioner sent Form 12153, "Request for a Collection Due Process Hearing", to respondent.

After a series of correspondences between the parties, petitioner attended a conference with Appeals Officer Fred McMullen on February 24, 2000. At the conference, petitioner asserted that respondent should have applied the overpayment of tax shown on his 1991 Federal income tax return to his tax liabilities for the subsequent years. Petitioner did not, and still does not, dispute the correctness of the amounts of the underlying tax liabilities assessed by respondent for 1993, 1994, 1995, and 1997.

Although petitioner had expressed an interest in submitting an offer in compromise, he failed to submit an offer and did not provide the information necessary to determine whether an offer would be an appropriate collection alternative.

On July 6, 2000, respondent issued to petitioner the aforementioned Notice. The Notice states:

> With the best information available, the requirements of various applicable law or administrative procedures have been met. * * *
>
>      *     *     *     *     *     *     *
>
> You suggested that you believe that you are entitled to a credit from a prior year overpayment to be used to offset, in part if not in full, the liabilities in question. IRS records show that your 1991 personal income tax return, F. 1040, does show an overpayment. However, this return was not filed until some time in 1999 so the statute of limitations for filing a claim for credit or refund had expired; accordingly, no credit is available to offset the liabilities at issue.
>
>      *     *     *     *     *     *     *
>
> Appeals believes that, despite its intrusiveness, a

levy is the appropriate collection action which
balances the need for efficient collection of the tax
with any concerns you may have as to the intrusiveness
of the action.

In response to the Notice, petitioner filed his petition in this case. In his petition, petitioner alleges that the amounts of the underlying tax liability and the years are:

| Year | Amount |
|------|--------|
| 1993 | $8,600.09 |
| 1994 | 3,961.31 |
| 1995 | 801.89 |
| 1996 | 901.10 |
| Total | 14,264.39 |

Petitioner claimed a credit "from a prior year overpayment to be used to offset, in part if not in full, the liabilities in question."

In his answer, respondent denied that the levy determination relates to a tax liability for 1996, and asserts that the levy determination relates to petitioner's unpaid income tax liability for 1997 in the amount of $901.10, including interest and penalties through March 8, 2000. Petitioner does not challenge this assertion.

OPINION

I. Standard of Review

Respondent did not send a notice of deficiency to petitioner. Petitioner did not otherwise have an opportunity to dispute his tax liability for 1993, 1994, 1995, or 1997. Thus,

petitioner may challenge the existence or amount of the underlying tax liability.  Sec. 6330(c)(2)(B); Downing v. Commissioner, 118 T.C. 22, 28 (2002).  Since the validity of the underlying tax liability is properly at issue, we review respondent's determination de novo.  Landry v. Commissioner, 116 T.C. 60, 62 (2001).

II.  Limitations on Credit or Refund Claims

Section 6511 contains two separate timeliness provisions for credit or refund claims.  Section 6511(b)(1) establishes a prescribed period for filing a claim.  Section 6511(b)(2)(A) creates look-back periods, which provide a ceiling limitation on the amount of allowable credit or refund.  Commissioner v. Lundy, 516 U.S. 235, 239-240 (1996).

Section 6511(b)(1) incorporates the filing deadline of section 6511(a), which provides that the taxpayer must file a claim for credit or refund "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid."  Sec. 6511(a).

The two periods provided by section 6511(b)(2)(A) (subparagraph (B) and (C) provide look-back periods not relevant here) are (x) that the refund claim must be filed within the 3-year period prescribed in subsection (a), and (y) the allowable

amount of the overpayment must not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return.

In Miller v. United States, 38 F.3d 473 (9th Cir. 1994), the U.S. Court of Appeals for the Ninth Circuit, the court to which this case would normally be appealed, held that section 6511(a) provides the taxpayer with "the right to file a claim up to three years after the return only where that return is filed within two years of payment of the taxes." Miller v. United States, supra at 476. In contrast, Rev. Rul. 76-511, 1976-2 C.B. 428, applied the 3-year filing deadline of section 6511(a) even though the taxpayer filed the return more than 2 years after payment of the tax.

Other Courts of Appeals addressing this issue followed the interpretation of section 6511(a) announced in Rev. Rul. 76-511. For example, in Weisbart v. U.S. Dept. of Treasury, 222 F.3d 93 (2d Cir. 2000), the U.S. Court of Appeals for the Second Circuit declined to follow Miller, and applied the 3-year filing deadline even though the return was filed more than 2 years after the tax was paid. See also Richards v. Commissioner, 37 F.3d 587, 589 (10th Cir. 1994), affg. T.C. Memo. 1993-102; Oropallo v. United States, 994 F.2d 25, 26-27 (1st Cir. 1993).

Subsequent to the expiration of the briefing schedule in

this case, the U.S. Court of Appeals for the Ninth Circuit decided <u>Omohundro v. United States</u>, 300 F.3d 1065 (9th Cir. 2002), in which the court announced that "we are no longer bound by <u>Miller</u>. Accordingly, we hold that under I.R.C. sec. 6511(a), a taxpayer's claim for credit or a refund is timely if it is filed within three years from the date his income tax return is filed, regardless of when the return is filed." <u>Id.</u> at 1069.

In <u>Miller</u>, the Court of Appeals for the Ninth Circuit had held that a taxpayer must file a return within 2 years of payment of the taxes to recover a refund or credit; otherwise, no claim could ever be finally barred by the 2-year-after-payment clause of section 6511(a). Also, the court stated in <u>Omohundro</u> that its construction of section 6511(a) in <u>Miller</u> was necessary to prevent forum shopping under a version of section 6512(b)(3) no longer in effect.

In <u>Omohundro v. United States</u>, <u>supra</u>, the court further stated that "In deciding <u>Miller</u>, we did not consider Revenue Ruling 76-511 which was directly on point and in effect at the time." <u>Id.</u> at 1067.

After <u>Miller v. United States</u>, <u>supra</u>, was decided in 1994, the Supreme Court's decision in <u>United States v. Mead Corp.</u>, 533 U.S. 218 (2001), intervened. The court in <u>Omohundro</u> observed:

> In <u>United States v. Mead Corp.</u>, the Supreme Court held that an administrative agency's interpretation of a statute contained in an informal rulemaking must be accorded the level of deference set forth in <u>Skidmore</u>

v. Swift & Co.  The Court held the deference required depends on the 'thoroughness evident in [the agency's] consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it the power to persuade * * *'. [Omohundro v. United States, 300 F.3d 1065, 1067-1068; citations omitted.]

The court in Omohundro believed that Rev. Rul. 76-511 "commands deference" because its reasoning is valid, it is consistent with later IRS pronouncements, and its interpretation of section 6511(a) is supported by the legislative history of the statute.  The court held that under section 6511(a), a taxpayer's claim for credit or refund is timely if it is filed within 3 years from the date his or her income tax return is filed, regardless of when the return was filed.  Omohundro v. United States, supra at 1068.

Rev. Rul. 76-511, 1976-2 C.B. 428, likewise commands deference and is applicable to this case, since the fact pattern is the same.  The facts recited in the ruling are briefly as follows:

During 1972, the taxpayer's employer withheld income tax, which under section 6513(b)(1) was deemed to have been paid on April 15, 1973.  Three years and 15 days after the due date, on April 30, 1976, the taxpayer filed his 1972 return on which he claimed an overpayment.  The IRS ruled that the taxpayer had filed a valid claim for refund within the 3-year period of limitations prescribed by section 6511(a), but under section

6513(b)(1), the overpayment was deemed to have been made on April 15, 1973, which was not a payment made within the 3-year period immediately preceding April 30, 1976, the date the claim was filed. Therefore, reasoned the ruling, although the claim for refund was timely filed, allowance of the refund was specifically barred by the provisions of section 6511(b)(2)(A), which limits the amount of the allowable refund to the amount paid within the period immediately preceding the filing of the claim, equal to 3 years plus any extension of time for filing the return.

Rev. Rul. 76-511 goes on to point out that if the taxpayer had filed his 1972 return on April 1, 1976, for example, the refund would have been allowable since the overpayment would have been made within the 3-year period immediately preceding the filing of the claim.

Petitioner's claim for credit was included in his 1991 tax return and was considered filed on the same date as the return. Section 301.6402-3(b)(5), Proced. & Admin. Regs. As such, petitioner's claim for credit was timely filed.

The look-back period of section 6511(b)(2)(A) is applicable to petitioner since he filed his claim for credit during the 3-year period prescribed for timely filing of a claim in section 6511(a). However, as previously stated, section 6511(b)(2)(A) provides that "the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately

preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return." Sec. 6511(b)(2)(A). Petitioner filed his claim, included in his 1991 return, on February 11, 1999. He had received extensions for filing his 1991 return totaling 6 months (one extension for 4 months and another for 2 months). Therefore, the relevant look-back period under 6511(b)(2)(A) extended from February 11, 1999, back to August 11, 1995.

Petitioner is not entitled to credit for an amount paid or deemed paid outside the look-back period determined under section 6511(b)(2)(A). Petitioner's estimated tax payment is deemed paid on the last day prescribed for filing the 1991 return (determined without regard to any extension of time for filing such return). Sec. 6513(b)(2); <u>Baral v. United States</u>, 528 U.S. 431, 435-436 (2000). The last day for filing his 1991 return was April 15, 1992, so that is the date petitioner's estimated payment is deemed paid for purposes of section 6511. As such, petitioner paid no portion of the overpayment during the applicable look-back period. Since no amounts were paid during the look-back period, the ceiling limitation on the petitioner's requested credit is zero.

<u>III. Equitable Relief</u>

Petitioner asserts a claim for equitable relief. The December 14, 1998, "REQUEST FOR YOUR TAX RETURN" notice sent by respondent listed a credit balance of $11,807 and asked for an explanation as to how petitioner wanted the credit balance handled. Petitioner asserts that respondent should therefore be estopped from denying application of the credit for overpayment to his tax liabilities for years subsequent to 1991.

We are bound by the strict terms of the statutory provisions limiting refunds or credits for overpayments to those claimed within the time limitations of section 6511. United States v. Brockamp, 519 U.S. 347, 352-354 (1997)(finding that Congress did not intend courts to read equitable exceptions into section 6511); Landry v. Commissioner, 116 T.C. at 62-63. Equitable relief is therefore unavailable to petitioner.

We said in Allen v. Commissioner, 99 T.C. 475, 480 (1992), affd. without published opinion 23 F.3d 406 (6th Cir. 1994), that

> As is true in many of the cases in this field, the result may seem harsh in view of an actual overpayment, but * * * [taxpayer] failed to file his income tax return more promptly, and the statute is precise. The unhappy result for * * * [taxpayer] is the consequence of a "problem of * * * [his] own creation". * * * The situation is not an unfamiliar one, and has been before us in a variety of other circumstances. [Citations omitted.]

Unfortunately for petitioner, these words apply with equal force in his case. The bar against application of any part of his overpayment of 1991 estimated tax to later years is a situation

of his own making because of his leisurely attitude toward the due date for filing his 1991 return, and the refund claim within it.

We hold that respondent correctly determined that collection efforts should proceed.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.