Susan C. **HARRIGILL** Plaintiff

v.

**UNITED STATES of America**
**Defendant**

**No. CIV.A.3:03–CV–367BN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Jan. 20, 2004.

Jamie G. Houston, III, John V. Eskrigge, Edward L. Carlisle, Watkins & Eager, Jackson, MS, for Susan C. Harrigill, plaintiff.

Cynthia Stier, U.S. Dept. of Justice— Tax Division, Washington, DC, Dunn Lampton, U.S. Attorney's Office, Gulfport, MS, for United States of America, defendant.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion for Summary Judgment of Defendant United States of America (hereinafter "IRS"[1]). Having considered the Motion and Response, as well as supporting and opposing authority, the Court finds that the Motion for Summary Judgment is not well taken and should be denied.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case involves the alleged wrongful denial by the IRS of a request for tax refund by Plaintiff Harrigill. The IRS contends that Plaintiff's request for refund of an overpayment is barred by the applicable statute of limitations. A chronology of relevant events follows.

| Date: | Event: |
|---|---|
| 04–15–95: | Plaintiff filed a Form 4868 requesting an extension of time until August 15, 1995, to file her 1994 Tax Return. The Form 4868 was accompanied by a check from Plaintiff in the amount of $79,500. The check was intended to cover any tax liability that Plaintiff may have had for tax year 1994.[2] |
| 02–23–98: | The IRS sent Plaintiff a letter stating that it had not received Plaintiff's 1994 Tax Return. The letter also stated that Plaintiff had an $84,720 credit balance with the IRS. |
| 04–23–98: | Plaintiff's accountant sent the IRS a letter requesting application of the $84,720 credit balance to Plaintiff's tax liability in succeeding years. |
| 09–15–98: | Plaintiff filed her 1994 Tax Return, claiming overpayment of $61,741, and requesting application of the overpayment to her 1995 tax liability. |
| 12–04–00: | Plaintiff filed her 1995 Tax Return, reporting tax payments of $61,741, and claiming overpayment of $62,791. She requested application of the overpayment to her 1996 tax liability. |
| date unknown [3]: | Plaintiff filed her 1996 Tax Return, reporting tax payments of $62,791, and claiming overpayment of $60,495. She requested application of the overpayment to her 1997 tax liability. |

1. As this case involves a dispute between Plaintiff and the Internal Revenue Service over a tax refund, the Defendant is referred to herein as the "IRS."

2. "When I sent a check in the amount of $79,500 to the Internal Revenue Service on or about April 17, 1995, I was concerned that, for reasons related to business dealings between my partner (who was also my ex-husband) and me, I might lack adequate funds at a later date to pay taxes owed." Plaintiff's Response to Motion for Summary Judgment, Exhibit "A," Affidavit of Susan Harrigill, ¶ 2.

3. The filing dates of Plaintiff's 1996 tax return and the tax returns of subsequent years are not significant to the issues herein because

date unknown: Plaintiff filed her 1997 Tax Return, reporting tax payments of $60,495, and claiming overpayment of $54,812. *Plaintiff sought refund of the $54,812 overpayment, which was later denied by the IRS.*

date unknown: Plaintiff filed her 1998 Tax Return, claiming overpayment of $12,252. She requested application of the overpayment to her 1999 taxes.

date unknown: Plaintiff filed her 1999 Tax Return, claiming overpayment of $21,062. She requested application of the overpayment to her 2000 taxes.

date unknown: Plaintiff filed her 2000 Tax Return, claiming overpayment of $14,746, of which she sought to apply $7,000 to her 2001 taxes, and have *$7,756 refunded to her.*[4]

03–09–01: The IRS sent Plaintiff a letter denying her request to apply the $61,741 overpayment claimed on her 1995 Tax Return, to her 1996 tax liability. Based on this denial, the remaining requests for application of overpayments to subsequent tax years were denied as well.

Aggrieved by denial of her request for refund of overpayment, Plaintiff filed suit in this Court on March 7, 2003. Plaintiff seeks a total tax refund of $62,568, which is calculated as follows:

| $54,812 | refund sought via 1997 Tax Return |
| 7,756 | refund sought via 2000 Tax Return[5] |
| $62,568 | total prayer for relief |

The IRS filed the subject Motion for Summary Judgment on October 16, 2003. That Motion is now ripe for consideration by the Court.

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discov-

ery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also, Moore v. Mississippi Valley State Univ.,* 871 F.2d 545, 549 (5th Cir.1989); *Washington v. Armstrong World Indus.,* 839 F.2d 1121, 1122 (5th Cir.1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–24, 106 S.Ct. 2548.

the filing of Plaintiff's 1995 Tax Return on December 4, 2000, is the key date on which the statute of limitations hinges. The IRS treated the filing of the 1995 Tax Return as a request for refund of overpayment.

4. The IRS claims that the $7,756 was applied to Plaintiff's 1996 delinquent taxes. Memorandum of the IRS in Support of Summary Judgment, p. 6, ¶ 18.

5. *See supra,* footnote 4.

The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.,* 305 F.2d 647, 651 (5th Cir.1962).

### III. SUMMARY JUDGMENT ANALYSIS

The outcome of this Motion for Summary Judgment hinges on two inter-related issues. First is whether the $79,500 check remitted to the IRS by Plaintiff on April 15, 1995, was a "payment," or a "deposit." If the remittance was a payment, then Plaintiff's claim is barred by the statute of limitations. If the remittance was a deposit then her claim is not time barred. Second is whether the statute of limitations began to run on the date that Plaintiff's 1995 taxes were due (October 15, 1996), or on the date that Plaintiff filed her 1994 tax return (September 15, 1998). If the limitations period began to run on October 15, 1996, then Plaintiff's claim is time barred. The claim is not time barred if the limitations period began to run on September 15, 1998. It is important to note that both parties agree that the filing of Plaintiff's 1995 tax return on December 4, 2000, represents Plaintiff's request for a refund of taxes.

The statute of limitations for claiming a refund of overpayment of taxes is contained in 26 U.S.C. § 6511. The limitations period set forth in § 6511 applies to the analysis presented in the following two subsection of this Opinion. In relevant part, § 6511 states:

(a) **Period of limitation on filing claim.**—Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later....

(b) **Limitation on allowance of credits and refunds.—**

(1) **Filing of claim within prescribed period.**—No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.

**A. whether the $79,500 check remitted to the IRS by Plaintiff on April 15, 1995, was a "payment," or a "deposit"**

■ The IRS claims that the $79,500 check remitted to the IRS by Plaintiff on April 15, 1995, was a "payment" of her 1994 taxes. Plaintiff contends that the remittance was a "deposit" to be applied to her 1994 tax liability, if any, after said liability was definitively calculated and submitted to the IRS via her 1994 Tax Return. As stated above, if the remittance was a payment, then Plaintiff's claim is time barred. If it was a deposit, then the claim is not time barred. Based on the following analysis, the Court finds the $79,500 remittance was a deposit.

In *Risman v. Comm'r of Internal Revenue*, 100 T.C. 191, 1993 WL 72856 (1993), the United States Tax Court decided a case with facts and issues similar to that of the subject cause. As in the subject case, the Plaintiffs in *Risman* filed a Form 4868 with the IRS requesting an extension of time to file their 1981 Tax return. Accompanying the Form 4868 was a check in the amount of $25,000 to be applied to Plaintiff's 1981 tax liability, if any. The *Risman* court couched the issue before it as follows:

> [T]he sole issue remaining for decision is the point in time at which a $25,000 remittance that petitioners made to respondent on April 15, 1982, is to be treated as a "payment" of taxes. If petitioners' $25,000 remittance is treated as a payment of taxes when remitted to respondent on April 15, 1982, a refund of any portion thereof would be barred under the statute of limitations of section 6511, and we would lack jurisdiction under section 6512(b) to grant any refund to petitioners. On the other hand, if petitioners' $25,000 remittance is treated as a mere deposit of funds when remitted to respondent on April 15, 1982, such deposit will not be treated as a payment of taxes until June 7, 1989, the date petitioners filed their 1981 joint Federal income tax return, and a refund thereof under the statute of limitations of section 6511 would not be barred, and we would not lack jurisdiction to grant a refund to petitioners under section 6512(b).

*Risman,* 100 T.C. at 192 (internal footnote omitted). The *Risman* court found that

[i]n light of our conclusion that remittances made by taxpayers with Form 4868 extension requests are not necessarily to be treated, as a matter of law, as payments of tax as of the filing date of the associated income tax return and based on the facts and circumstances of this case, petitioners' April 15, 1982, $25,000 remittance is to be treated as a deposit and not as a payment of taxes.

*Id.* at 203.

As shown in footnote 2 above, Plaintiff stated that she intended to make what amounts to a deposit against her then unknown 1994 tax liability. She made the deposit because of differences with her business partner, who was also her ex-husband. On February 23, 1998, the IRS sent Plaintiff a Request for Tax Return for the tax period ending December 31, 1994. Complaint, Exhibit "D." The Request stated "[y]ou have a credit balance of $84,720". *Id.* Based on these facts, the Court concludes that both Plaintiff and the IRS, at least until February 23, 1998, were treating Plaintiff's April 15, 1995, payment as a deposit against her 1994 tax liability.

██ The facts and issues in *Risman* are comparable to the facts and issues in the subject case. The court therefore finds that, in accordance with the holdings in *Risman,* the $79,500 check remitted to the IRS by Plaintiff on April 15, 1995, was a "deposit" and not a "payment." Accordingly, Plaintiff's claims are not barred by the statute of limitations, at least in regard to the arguments presented in this subsection of the Opinion.[6]

---

**6.** The Court acknowledges that the IRS has rendered both two Non–Acquiescences (1962–2 C.B. 1, 1996–10 I.R.B. 4, 1996 WL 33370249 (Mar. 4, 1996)) and (1997–1 C.B. 1, 1997–18 I.R.B. 4, 1997 WL 33426100 (May 5, 1997)) and one Action on Decision (AOD–1996–003, 1996 WL 89735 (Mar. 4, 1996)) regarding the *Risman* case. In summary, the IRS announced through these decisions that it does not intend to follow the holdings in *Risman.* However, this Court is not bound by those intra-agency decisions rendered by the IRS.

**B. whether the statute of limitations began to run on the date that Plaintiff's 1995 taxes were due (October 15, 1996), or on the date that Plaintiff filed her 1994 tax return (September 15, 1998)**

In its Motion for Summary Judgment, the IRS appears to argue that even if the $79,500 check remitted to the IRS was a deposit, Plaintiff is nevertheless barred by the statute of limitations from seeking a refund of her overpayment of federal taxes.[7] The position of the IRS is succinctly summarized by the following statement from its Memorandum:

> The IRS disallowed the $62,691 as a credit or a refund pursuant to Section 6511(a) and (b) of the I.R.C. because Plaintiff had not filed a claim for refund within three years from the tax return date or within two years from the time the estimated tax payment had been made. The undisputed facts show that Plaintiff did not file a claim for refund within three years from the 1995 tax return due date. Plaintiff's 1995 tax return, including extensions, was due to be filed on October 15, 1996. The limitations period to file a claim for refund was three years from the due date of the return or two years from the payment date. In this case, the due date of the return was October 15, 1996. Plaintiff had until *October 15, 1999*, to file a Claim for Refund. There was no claim for refund filed prior to the expiration of the three year period on October 15, 1999. The earliest document that could be considered as a claim for refund was the 1995 tax return filed on December 4[, 2000]. The IRS treated the 1995 tax return as a claim for refund and disallowed the claim based on the fact that it was filed on December 4, 2000, well outside the three year deadline.

Memorandum of the IRS in Support of Summary Judgment, p. 9 (emphasis in original).

In summary, the IRS contends that October 15, 1996, the due date of Plaintiff's 1995 taxes, began the tolling of the three year statute of limitations. Plaintiff did not file her 1995 Tax Return requesting application of the overpayment to her 1996 taxes until December 4, 2000, over three years after the 1995 tax due date and consequently, after the expiration of the three year statute of limitations.

Plaintiff contends that the three year limitations period set forth in § 6511 did not begin to run until she filed her 1994 Tax Return on September 15, 1998. Plaintiff further argues that the statute of limitations does not bar her claim because the 1995 Tax Return was filed on December 4, 2000, less than three years after the filing of her 1994 Tax Return.[8]

Based on the plain language of 26 U.S.C. § 6511(a), the Court agrees with Plaintiff's position. Section 6511(a) states that a "[c]laim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer *within 3 years from the time the return was filed . . . .*" (emphasis added);

---

7. The undersigned is uncertain as to whether the IRS concedes that Plaintiff's claim is not time barred if the $79,500 check was a deposit, as opposed to a payment. Therefore, the analysis presented in this subsection of the Opinion is necessary.

8. As stated above, both parties agree that the filing of Plaintiff's 1995 tax return on December 4, 2000, represents Plaintiff's request for a refund of taxes. Accordingly, December 4, 2000, is the end date in the chronological measurement of the statute of limitations. In issue is whether the beginning date for the measurement is October 15, 1996, as the IRS contends, or September 15, 1998, as Plaintiff contends.

*see also, Omohundro v. United States,* 300 F.3d 1065, 1068–69 (9th Cir.2002) (holding that a tax refund claim is timely if it is filed within three years of the filing date of the applicable Tax Return, regardless of the due date of the return.).

Based on the analysis presented above, the Court finds that the statute of limitations on Plaintiff's tax refund claim began to run on September 15, 1998, the date on which her 1994 Tax Return was filed. Because she submitted a request for refund on December 4, 2000, less than three years after the 1994 Tax Return was filed, her claim is not time barred. Therefore, the Motion of IRS for Summary Judgment must be denied.

### IV. CONCLUSION

For all of the reasons set forth above:

IT IS THEREFORE ORDERED that Motion of Defendant for Summary Judgment [12–1] is hereby denied.